## CITY OF DURANGO v. REINSBERG.

1. PROSECUTION UNDER ORDINANCE, WHEN A CIVIL ACTION.— A prosecution under a municipal ordinance for an offense not punishable by general statute is not a criminal proceeding, but a civil action, and a judgment in such action against the municipality may be reviewed on error.

2. COMPLAINT FOR VIOLATION OF ORDINANCE, WHEN SUFFICIENT.— A complaint for the violation of a municipal ordinance which states the number of the section and title of the ordinance violated, together with the date of its passage, is sufficient under the statute, the proceeding not being a criminal prosecution.

3. ORDINANCE TO BE VALID MUST BE AUTHORIZED.— A municipal corporation can exercise only such powers as are granted to it by its charter or by the general law of the state, either in express words or by necessary or reasonable implication, or such as are incidental to the powers expressly granted, or such as are essential to the objects and purposes of the corporation. A municipal corporation, under a general grant of authority, cannot adopt ordinances which infringe the spirit or are repugnant to the policy of the state as declared in its legislation.

16 327
17 308

16 327
19 182
19 557
3a 311
16 327
20 36

16 327
10a 509

16 327
17a 310

16 327
20a 369

16 327
36 316
38 52

### Error to La Plata County Court.

THIS action was originally commenced before the police magistrate of the city of Durango. The complaint upon which the action was based contains the following charge: "That one E. Reinsberg, on or about the 22d day of June, 1890, said day being then and there a Sabbath day, at, to-wit, the said city of Durango, county of La Plata, state of Colorado, then and there being, did then and there violate section number 1 of ordinance number 229 of the city of Durango, being an ordinance entitled an ordinance requiring the observance of the Sabbath, by keeping open his place of business on the said Sabbath day, and the display and sale of goods, after 9 o'clock of said day,— the above ordinance having been adopted and approved May 20, 1890."

The ordinance under which the prosecution was instituted forbids in general terms all labor and business on Sunday except certain specified kinds. Upon appeal to the

county court on defendant's motion the complaint was quashed, and the defendant was discharged " on the ground," as set forth in the record, " that the city council had no authority to pass ordinance number 229 so far as relates to the charge against the defendant herein." The city brings the case to this court by writ of error.

Mr. O. S. GALBREATH and Mr. W. E. BECK, for plaintiff in error.

Messrs. BAKER & McHOLLAND, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

It has been expressly held by this court that a prosecution under a municipal ordinance for an offense not punishable by general statute is not a criminal proceeding, but a civil action; and that a judgment in such an action *against the municipality* may be reviewed by this court upon writ of error. *City of Greeley v. Hamman*, 12 Colo. 94.

Neither the complaint nor any part of the record in this case discloses the kind of business which the defendant was accused of carrying on upon the Sabbath day. The complaint charges in substance that he kept his place of business open and displayed and sold his goods on a certain Sabbath day in the city of Durango, contrary to the provisions of a certain ordinance, stating the section, number and title of said ordinance, together with the date of its passage.

The brief and argument of counsel for plaintiff in error are devoted to the question of the validity of the ordinance. But our decision must be controlled by a statutory provision not noticed by counsel in this court, and, so far as we can discover from the record, not presented to the consideration of the county court. The statute relates to the matter of pleading in cases of this kind. Under ordinary rules of pleading, the complaint might have been quashed for insufficiency as not stating a cause of action, that is, for not

specifying a kind of business against the carrying on of which upon Sunday the sanction of the ordinance might properly be invoked. But section 114 of the towns and cities act, chapter 109, General Statutes 1883, provides as follows:

"In all suits brought for the recovery of any fines or penalties for violation of any ordinance, it shall be sufficient to state in the complaint or affidavit the number of the section and title of the ordinance violated, together with the date of its passage, without stating said section or ordinance in full or the substance thereof."

It must be remembered that this is a civil proceeding originally instituted in a court not of record. Hence, the statute is not obnoxious to the constitutional requirement that the accused in criminal prosecutions shall have the right to demand the nature and cause of the accusation. Const., art. 2, sec. 16. Hence, giving effect to the statutory provision, the complaint must be held sufficient *on its face* both in form and substance. The defendant, therefore, should not have been discharged upon motion. The kind of business which he was accused of carrying on upon Sunday should have been ascertained by evidence or otherwise as a matter of fact; if found guilty of violating the ordinance by the commission of some act which the city council had the power thus to prohibit, he should have been fined as the ordinance requires; otherwise, he should have been discharged.

The complaint having been quashed on the ground that the city council had no authority to pass the ordinance "so far as relates to the charge against the defendant," we are asked to review this conclusion of the lower court. This cannot well be done, since the specific charge against the defendant does not appear in the record. An ordinance, like a statute, may be valid in part and void in part. Cooley, Const. Lim., secs. 177, 178. For example, it must be conceded that such business as may by municipal authority be prohibited altogether may by such authority be prohibited

on Sunday, on the ground that the greater includes the less (Gen. Stats., ch. 109, sec. 14), even though there may be other kinds of business with which town and city governments are not intrusted with any supervision or control.

A municipal corporation can exercise only such powers as are granted to it by its charter or by the general law of the state, *either in express words or by necessary or reasonable implication, or such as are incidental to the powers expressly granted, or such as are essential to the objects and purposes of the corporation.* Besides, there are certain well-recognized principles by which the powers of municipal corporations to pass ordinances in the nature of legislative enactments are limited or qualified. For example, municipal ordinances must not be " repugnant to the constitution and general laws of the state," nor can a municipal corporation, "under a general grant of authority, adopt by-laws (ordinances) which infringe the spirit or are repugnant to the policy of the state as declared in its legislation." 1 Dillon on Mun. Corp. (3d ed.) secs. 89, 316, 329. The ordinance in question may be tested by these and other legal principles for the purpose of determining its validity as to "the charge against the defendant " when the specific act of which defendant is accused shall become judicially known. But it is not incumbent upon this court to anticipate, discuss or settle supposed legal controversies upon writs of error. We cannot undertake to determine the validity of the ordinance in question, " so far as relates to the charge against the defendant," until we are properly informed of the specific nature of such charge.

The complaint having been prepared in statutory form, it was error to quash it upon motion before the particular act of which defendant was accused was ascertained. The judgment of the county court is reversed and the cause remanded for further proceedings.

*Reversed.*