Thomson, J.,
delivered, the opinion of the court.
This action was commenced in the police court of Colorado Springs upon the following complaint: “ L. C. Dana complains that J. K. Miller and J. W. Miller are indebted to the plaintiff, the city of Colorado Springs, in the sum of $300, for violation of sections 1 and 2, of an ordinance of the city of Colorado Springs, entitled ‘ An ordinance concerning the sale of intoxicating liquors,’ passed the 13th day of February, A. D. 1889, in this, to wit: That said J. K. Miller and J. W. Miller did sell and dispose of intoxicating, spirituous, malt, vinous, fermented and mixed liquors on Sunday, the 26th day of July, 1891, without having a prescription from *310 a regular practicing physician therefor, within the corporate limits of the city of Colorado Springs, county of El Paso and state of Colorado.”
Appended to this complaint was the following affidavit: “ Lo. C. Dana, plaintiff, being first duly sworn, says that he verily believes that said ordinance and sections one and two thereof, in the foregoing complaint specified, have been violated as in said complaint set forth, and affiant has reasonable grounds to believe that said J. K. Miller and J. W. Miller, the parties charged, are guilty thereof.”
Upon the filing of the complaint and affidavit, a warrant was issued upon which the defendant, J. K. Miller, was arrested and brought into court. The complaint was dismissed as to J. W. Miller, and upon a trial the defendant, J. K. Miller, was discharged. The plaintiff then took the case by appeal to the county court of El Paso county, where it was submitted upon a written stipulation, or agreed statement of facts which is as follows : “ It is hereby stipulated between the plaintiff and the defendant in the above entitled action, that the following shall be taken and considered as the facts and evidence in the trial of this cause, viz.: That the defendant, J. K. Miller, is a regular druggist doing business within the city of Colorado Springs, and at the time alleged in the complaint, he had a license to sell, as a druggist, fermented, vinous, mixed and intoxicating liquors in the said city of Colorado Springs, under and pursuant to the ordinances of said city, which ordinances are to be introduced in evidence herein.
“ That on Sunday, the 26th day of July, 1891, upon a prescription prescribing one quart of whiskey, made on the day previous, to one Thomas Goff, by a regular practicing physician of said city, he sold and delivered to said Goff one quart of whiskey.”
The two sections of the ordinance mentioned in the complaint, were introduced in evidence. The substance of those sections is that any person who shall sell or dispose of any intoxicating, malt, spirituous, vinous, fermented, or mixed *311 liquors, within the corporation limits *of the city, or within one mile of its outer boundaries, shall be deemed guilty of an offense, and upon conviction thereof shall be fined ; provided any regular druggist, doing business and licensed by the city, may sell any of the liquors named, in quantities of not less than one quart, for medicinal, mechanical, and chemical purposes, on any day of the week except Sunday. And provided further that such druggist may sell in less quantities than one quart, for medical purposes only, on any day in the week, upon a prescription from any practicing physician.
At the hearing in the county court, the action was dismissed as to J. W. Miller. Counsel for defendant, J. K. Miller, moved to dismiss as to him for the reason that the proof varied materially from the allegation. The motion was denied. Defendant, J. K. Miller, was found guilty and a fine of flOO was assessed against him.
It is admitted by the stipulation upon which the cause was heard, that defendant, J. K. Miller, was not guilty of the particular offense charged in the complaint, and that if he was guilty at all it was of another and a different offense. But it is contended by plaintiff’s counsel that proceedings in cases of this kind are informal, that no written complaint or affidavit is necessary, but that where one is made, it is sufficient if it state generally that the ordinance or some section thereof has been violated by the defendant, without specifying in what the violation consists, and that the specification of a particular act done by the defendant, being unnecessary, should be rejected as surplusage. In support of this proposition we are cited to City of Durango v. Reinsberg, 16 Colo. 327; Miller et al., v. Sparks, 4 Colo. 311. Neither of these cases is authority for the position which plaintiff takes. In City of Durango v. Reinsberg, the complaint was almost exactly like the one before us. It charged the defendants with violating an ordinance of the city of Durango, by keeping open his place of business on a certain Sabbath day, and the display and sale of goods after 9 o’clock of said day. Just *312 as is done in the complaint in this case, it charged the violation of the ordinance, and set forth the act which constituted the violation'. All that the court held in that case was, that it was sufficient to state in the complaint or affidavit the number of the section and title of the ordinance violated, together with the date of its passage; without setting forth the section or ordinance in full, or the substance thereof, as provided by section 114 of the Towns and Cities Act, chapter 109, General Statutes, 1883. As to the form of the complaint, this is as far as the court went. It held that complaint good, but it did not decide whether anything less than that complaint contained would be sufficient or not. The case of Miller et al., v. Sparks, is not in point. It simply holds that where no prior demand is necessary to be averred, it need not be proven. It would be surplusage, because the other facts set forth in the complaint would show that it was immaterial. But in a case in which a prior demand is required, it must be made and pleaded.
It is true that an action for a violation of an ordinance may be commenced by ordinary summons, without any form of pleading; but where a warrant issues in the first instance for the arrest of an offender it must be upon affidavit. While the affidavit need not set forth the ordinance or section the violation of which is charged, in any manner different from that which is provided by statute, yet it must charge a violation of the ordinance. Mill’s Ann. Stat. sec. 4435. The affidavit must of course be in writing. Whether the form of the complaint or affidavit suggested by plaintiff’s counsel would be sufficient, it is not necessary now to determine. An affidavit in that form is not before us. The complaint and affidavit in this case charge a violation of the two sections mentioned, but in'express terms they limit and confine the alleged violation to a particular act which is specified. The breach of the ordinance consisted in the doing of one particular thing. The specification of the particular manner in which the ordinance was violated is a limitation upon the *313 general charge of violating the ordinance. It is not surplus-age or immaterial matter, or pleading evidence. It would not be stricken out on motion of the defendant. Under a complaint of this character, can the plaintiff be permitted to abandon the charge which he has specifically made, and prove any other offense against the ordinance to which he may be able to find witnesses to testify? We think not. One of the objects of the complaint, or affidavit, is to advise the defendant of what he will be called upon to meet, and the complaint having been made in this form, and the arrest of the defendant under it procured, plaintiff is bound by it, and must confine the proof to its averments.
It being admitted by the stipulation filed, that the defendant was not guilty of the charge contained in the complaint, the motion to dismiss the action should have been allowed.
The judgment of the court below .is therefore reversed.

Reversed.