Bissell, J.,
delivered tlie opinion of the court.
This was a proceeding by the people against the Weiss-Chapman Drug Company for the violation of an ordinance of the town of Monte Vista which provides for the regulation and prohibition of the sale of intoxicating liquors. Under the statute conferring power on municipalities to regulate and control this traffic as well as to pass ordinances for the general welfare of the community, the city has authority to proceed against the offenders by instituting a prosecution somewhat analogous to the course taken in criminal cases. They are also given express statutory authority to enforce *508 their ordinances by a procedure similar to a civil action brought before a justice. In the latter case, the prosecution is begun by a summons as in a suit to collect a debt. The summons is not necessarily in the same exact form, but it is a process in the nature of a summons. It Avas this sort of a process which was issued in the present case. By it, the officer was commanded to summon the Weiss-Chapman Drug Company to appear before the police magistrate at the time named, and at an hour specified, to answer the complaint of the people for a violation of section 1 of an ordinance of the town of Monte Vista, which was entitled an ordinance to regulate and prohibit the sale of intoxicating liquors, and designated as chapter 48 of the ordinances of the town. The date of the passage was stated, the date of the alleged offense was given, aird they were summoned because of a failure to pay the penalty prescribed for the violation not exceeding $300. This is the substance of the summons which brought the company into court. The defendant appeared before the magistrate, Avas found guilty and fined $100 and costs. On the 21st of November following, an appeal bond was filed under the statute for the purposes of an appeal to the county court. This Avas executed by the company through its proper officers. The bond was approved and the case came on for hearing before the county judge. The hearing Avas not a trial of the main issue, but was on a motion filed by the defendant to dismiss the suit. This motion was substantially to quash the summons because no AÚolation of any ordinance was charged, and because the section of the ordinance referred to did not define or create an offense. Whether the latter portion of the motion had any foundation does not appear because the ordinance is not before us.
The question presented by the appeal is whether the city had a right to commence its prosecution by the issuance of a summons, and if so, whether the summons was sufficient in form to entitle the city to proceed to enforce the ordinance. We regard the whole matter as entirely settled by prior adjudications in the state, and so far as we are able to *509 discover, there is no question open for substantial discussion. It has been adjudged that a prosecution of tins nature is entirely similar to an action of debt at the common law, which was the proceeding by which ordinances were then enforced. Under the specific enactments in this state there can be no question about the regularity of the suit. This however, does not determine the pivotal question which is as to the sufficiency of the summons. We do not intend in this opinion to pass directly on the adequacy of this paper, nor to decide what might be our conclusion if the defendant had failed to appear in response to the summons, and had afterwards in a legitimate way attacked the validity of the judgment. I am very frank to say that I incline to the opinion that the summons so far conformed to the requirements of the statute on the subject as to be unassailable by a motion to quash. The decision, however, is put on the broad ground that when the defendant came into court in response to it, submitted to a trial and was found guilty, then filed a bond on appeal and went into the county court and moved to dismiss it because of this irregularity, the paper had served its object, and it was in court for all the purposes of a trial, and the municipality had a right to introduce its proof, and if it made out a case, the court was bound to enter judgment accordingly. City of Greeley v. Haman, 12 Colo. 94; Miller v. Colo. Springs, 3 Colo. App. 309; City of Durango v. Reinsberg, 16 Colo. 327; Charles v. Amos, 10 Colo. 272, 277.
If our views in this particular are correct, it is a matter of little importance by what method the defendant was brought in, and it is only a matter of proof to determine whether or not there had been a violation of the ordinance. It would without hesitation be conceded that if tins was an action of debt, and the summons had brought the defendant in, no matter how irregular it was, and it had submitted to a trial, it could not afterwards question the process by which the suit was begun. Since the supreme court has held these prosecutions thus begun are entirely analogous to actions of debt at the common law, and since the statute provides that *510 they may be begun by summons as well as by a complaint and affidavit and warrant, it is of slight consequence if the defendant comes in and defends, whether the summons is regular in form and sufficient in substance, or entirely inadequate. When the defendant comes in, tries its case, and an adverse judgment follows, it cannot be heard to complain of the defective character of the process to which it responded. If it had been a criminal prosecution and dependent on a complaint or an affidavit, it might be true that the defendant could question its character, sufficiency and substance, although the Reinsberg case goes far enough to hold that apparent irregularities and insufficiencies are not enough to invalidate this kind of a proceeding.
The county court erred in dismissing the case, and for tins error, the judgment will be reversed.

Reversed.