Gunter, J.
A complaint was filed with, a police magistrate in form as follows:
“In police magistrate court, state of Colorado, county of Arapahoe, town of Berkeley, ss.
“The People of the State of Colorado v. George Saner and Orrin W. Wilcox.
“Byron E. Morris, being duly sworn, on his oath, says that section 2, of ordinance No. 14, 1896, of the town of Berkeley, being an ordinance entitled ‘An ordinance concerning the sale of intoxicating liquors, passed and approved on the 7th day of July, A. D. 1896,’ has been violated, and that this affiant has good reason to believe that George Saner and Orrin W. Wilcox are guilty thereof, in this: That the said George Saner and Orrin W. Wilcox, on or about the 30tb day of September, A. D. 1898, at the town of Berkeley, in the county of Arapahoe, and state of Colorado, did unlawfully have and keep within the limits of said town of Berkeley a house and place for the selling of intoxicating liquors without having first obtained a license therefor from said town, against the peace and dignity of‘the people of the state of Colorado. Byron E. Morris. ” -Verified.
Summons issued and served. Defendants below, appellants here, appeared; a trial upon the mer *309 its was had, and judgment went against defendants. An appeal was taken to the county court, the case retried on the merits, defendants appearing, and judgment again entered against defendants, from which is this appeal.
Appellants contend:
1. That above complaint is defective.
This is a civil action for the recovery of an alleged indebtedness from defendants.—City of Greeley v. Haman, 12 Colo. 94, 20 Pac. 1.
As a warrant did not issue for the arrest of defendants the above complaint was unnecessary. The only process required to institute and bring this action to trial was a summons. This without any form of pleading.—Mills’ Ann. Stats., sec. 4435; Miller v. Colo. Springs, 3 Colo. App. 309, 33 Pac. 74.
The practice obtaining in the trial of this action was the same as that of justices of the peace in like actions. — Mills’ Ann. Stats., sec. 4438.
As the evidence did not in any manner depart the cause of action laid in the complaint, as the presence of the complaint in no respect worked any prejudice to appellants they are not in position to urge any insufficiency in it. It was simply superfluous, in no degree affecting the merits of the case. It is the policy of .the present practice to disregard any error or defect in procedure not affecting substantial rights.—Burkhardt v. Haycox, 19 Colo. 339, 35 Pac. 730.
Further, the trial in the county court was controlled by the same procedure as obtains in the trial of any other ordinary civil action in such court.—Walton v. Canon City, 13 Colo. App. 77, 56 Pac. 671.
“Upon the trial of all appeals before the county court no exception shall he taken to the form of service of the summons issued by the justice of peace, nor to any of the proceedings before him, hut the *310 .court shall hear and determine-the cause in a summary way according to the justice of the case without pleading in writing.”—2 Mills’ Ann. Stats., sec. 2687; Gen. Stats. 1883, p. 633, sec. 1987.
This section cured any defects in the complaint, if they existed, so far as they affected the procedure in the justice court.—Deitz v. City of Central, 1 Colo. 323.
Further, as this proceeding was instituted before a police magistrate, and was civil in its nature, exactitude was not required in stating the cause of action. Speaking of a complaint in a similar proceeding in City of Durango v. Reinsberg, 16 Colo. 327, 26 Pac. 820, the court says, “Under ordinary rules of pleading, the complaint might have been quashed for insufficiency as not stating a cause of action * * * . But section 114 * * * provides as follows: ‘In all suits brought for the recovery of any fines or penalties for violation, of any ordinance, it shall be sufficient to state in the complaint or affidavit the number of the section and title of the ordinance violated, together with the date of its passage, without stating said section or ordinance in full- or the substance thereof. ’ It must be remembered that this is a civil proceeding originally instituted in a court not of record. Hence, the statute is not obnoxious to the constiutional requirement that the accused in criminal prosecutions shall have the right to demand the nature and cause of the accusation.”
The complaint -advises the defendants of what they were called upon to answer, they knew thereby that it was for violating said section 2 of said ordinance, and the manner in which it was claimed that' such section was violated was charged.
In speaking of a statement required to be filed for a violation of a city ordinance the court says in City of St. Louis v. Smith, 10 Mo. 440, “All, there *311 fore, which is required is that degree of certainty necessary to inform the defendant of what he is called upon to answer, and not that particularity, which is technically necessary to constitute a good indictment. ’ ’
The complaint herein is sufficient. If defective it contains no reversible error.
2. That the summons issued by the magistrate is so defective as to be fatal to the subsequent proceedings.
Any defects in the summons were cured by the appeal to the county court.—Mills’ Ann. Stats., sec. 2687; Deits v. City of Central, supra; Paul v. Rooks, 16 Colo. App. 44, 63 Pac. 711.
3. That the evidence is insufficient to sustain the judgment.
The evidence is sufficient in the absence of any explanation by defendants.
4. “That the judgment is void in directing that the defendants, in default of payment of the fine adjudged against them, be confined in the town jail, or if there be no such jail, in the county jail. ’ ’
The judgment is warranted by 2 Mills’ Ann. Stats., sec. 4435; Gen. Stats. 1883, sec. 3317.
5. That the amendment to the bill of exceptions should not be considered because of insufficiency in the proof of service of notice of application for an •order to amend by the lower court.
This objection comes too late. Since the amendment has been filed in this court issues have been joined by the brief of appellee and the reply brief of appellant without objection to the presence of this amendment until urged in the reply brief by appellant.
No reason appears for reversing the judgment below.
Judgment will be affirmed. Affirmed.