[No. 6046.]

WALTON ET AL. v. THE CITY OF CANON CITY.

1. **Appellate Practice—Appeals—Application Not Made in Time —Nunc Pro Tunc Order.**

Where a party fails to pray an appeal within the time allowed by statute, the trial court has no right to change its record,

though during the same term, by a nunc pro tunc order allowing such appeal as of the proper date, since the statute recognizes no excuse for such failure and the court is therefore without authority to excuse such party.—P. 83.

2. **Appellate Practice—Application for Supersedeas—No Reasons in Support of.**

Where, on motion to dismiss an appeal, counsel for appellant requests that, in the event of the dismissal, the case be docketed on error and a supersedeas be granted, but no reason is assigned in the brief for allowing the supersedeas, the latter will be refused.—P. 84.

*Appeal from the County Court of Fremont County.*
*Hon. James L. Cooper, Judge.*

*On Motion to Dismiss.*

Action by The City of Canon City against Joseph Walton, David Walton, John D. Lloyd and Frank P. Goldsberry. From a judgment for plaintiff, defendants appeal. Appellee moves to dismiss appeal because not applied for within statutory time.

*Appeal dismissed, and case ordered*
*docketed on writ of error.*

Mr. Jos. H. MAUPIN, for appellants.

Mr. A. L. TAYLOR, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The appellee moves to dismiss the appeal for the reason that an appeal was not prayed within the time required by law. The cause was heard and determined by the county court on March 27, 1906. On this day judgment was rendered on the verdict and the defendant given until April 25th following in which to file a motion for a new trial. On May 19th, a motion for new trial was denied, at which time defendant prayed an appeal to this court. The appeal was allowed, and defendant given thirty days in which to file an appeal bond and ninety days in

which to tender a bill of exceptions. On June 22nd, the motion of the defendant to amend the judgment order of March 27th was granted, and the court in his order recited, among other things: "That the verdict was made and entered in said cause on the 27th day of March, 1906, and that judgment was made and entered upon the verdict in said cause on the said 27th day of March, 1906, and that defendants then and there, on said date, duly made and entered their objections and exceptions to the verdict in said cause, and gave notice of the motion for a new trial in said cause, but from *excusable oversight* failed to give notice within five days of an appeal to the supreme court. And the court further finding that the circumstances surrounding the failure to give notice of an appeal were such as to justify this court in now entering defendants' notice and application for an appeal in said cause *nunc pro tunc,* as of the said 27th day of March, 1906."

It was ordered that the appeal of defendants be entered for and as of the 27th day of March, 1906.

No appeal was in fact prayed until the 19th day of May, and appellant relies wholly upon the order made June 22nd to sustain the appeal. Authorities are cited holding that the orders and decrees of courts are under the court's control during the term at which they are rendered, and that they may be set aside or modified as law and justice may require, but such authorities cannot control the questions here presented. Courts have the undoubted power to modify their judgments and orders during the term at which the judgments or orders were rendered, but no court has the power, by the entry of a *nunc pro tunc* order, to relieve a party of the requirements of a statute. If the defendant had in fact prayed an appeal, but, owing to some neglect or oversight on the part of the court or the clerk, the record failed

to show that an appeal had been prayed and granted, the court might then have properly entered a *nunc pro tunc* order to make the records state the truth and to preserve the defendant's rights; but the court has no right to change its record by a *nunc pro tunc* order because of the alleged *excusable oversight* of one of the parties in not taking the necessary orders. The statute recognizes no excuse for failure to take an appeal within five days, and the court is therefore without authority to excuse the defendant. The appeal will be dismissed, with directions to the clerk to enter the cause as pending on writ of error.

Counsel has requested that in the event of the dismissal of the appeal that a supersedeas be granted. No reason is assigned in the brief for the granting of the supersedeas, and we shall deny the motion for supersedeas, with leave to renew the application.

Mr. JUSTICE CASWELL and Mr. JUSTICE MAXWELL concur.