[No. 5397.]
[No. 3053 C. A.]

## MACDERMID V. WATKINS.

1. **Practice in Civil Actions—Right to Open and Close.**

   In an action to recover the value of mining stock, plaintiff alleged that she delivered the same for sale to defendant under an agreement that the proceeds, less his fee, were to be turned over to her. Defendant admitted the delivery and the sale, but alleged that the contract was that he should invest the proceeds in such mining stocks as in his judgment were safe, that he

did so invest, and that plaintiff approved. Held, that the burden was on plaintiff, which entitled her to open and close. —P. 233.

2. Appellate Practice—Omissions from Abstracts—Presumptions —Admissibility of Evidence.

Where the admission of evidence elicited on cross-examination was assigned as error, and there is no reference in the abstract to the examination in chief, it may be presumed that the cross-examination was strictly germane to the examination in chief.—P. 234.

3. Practice in Civil Actions—Admissibility of Evidence.

In an action to recover the value of mining stock delivered to defendant for sale, the proceeds, less his fee, to be turned over to plaintiff, the defendant admitted the delivery and the sale, but alleged that the contract was that he should invest the proceeds in such mining stocks as in his judgment were safe, and that he did so and that plaintiff approved. Held, that evidence as to the value of the mining stocks he bought and his connection as a director and stockholder with the corporation, which issued the purchased shares, was proper.—P. 234.

4. Appellate Practice—Abstracts—Court Not to Go Outside.

Where the evidence has not been abstracted, the rules of the appellate court do not require it to go outside to search for an excuse to reverse a righteous judgment.—P. 234.

5. Same—Requested Instructions.

Where the abstract does not set out any of the instructions given, the refusal to give other instructions will not be reviewed. —P. 235.

6. Same—Failure to Preserve Points Relied On.

Where, on writ of error, the abstract does not properly preserve or present the points on which plaintiff in error relies, the writ may be dismissed.—P. 235.

*Error to the District Court of El Paso County.*

*Hon. Louis W. Cunningham, Judge.*

Action by Letitia Watkins against K. Macdermid. From a judgment for plaintiff, defendant brings error.                    *Affirmed.*

Messrs. McKESSON & LITTLE and Mr. JOHN W. KRIGER, for plaintiff in error.

Mr. G. W. Musser and Mr. Walter Scott, for defendant in error.

Mr. Justice Campbell delivered the opinion of the court:

This is an action to recover the value of mining stock which, in her complaint, plaintiff says she left for sale with defendant, a mining broker, under an agreement that the proceeds thereof, less the broker's fee, were to be turned over to her by defendant, but which he has failed to do. In his answer defendant admits that the stock was left with him for sale, and that it was sold, but alleges that the contract between the parties further provided that defendant should invest for plaintiff the proceeds of the sale in such mining stocks as, in his judgment, were safe and profitable, and that he did so invest such proceeds, which plaintiff afterwards ratified and approved. Upon trial of these issues, the jury returned a verdict for the plaintiff, and judgment went accordingly.

Each of the several grounds assigned for error is wholly without merit. Defendant says that upon the issues made by the pleadings he was entitled to open and close in producing evidence and arguing the case to the jury. The record, as abstracted, nowhere shows that request therefor was made by defendant, or that the court made any ruling upon it. If, however, the point were presented by the record, it is manifestly untenable. The answer, while it admits that the mining stock was left for sale with defendant, and that it was sold and the proceeds not turned over to plaintiff, denies the other material allegations of the complaint, and alleges, under the guise of an affirmative defense, a contract between the parties quite different from the one set out in the complaint, whereby defendant, instead of being required to turn over the proceeds, less his fee, to the plaintiff, as the

complaint averred, he was authorized to, and did, invest in other mining stocks. Had no evidence been introduced by either party, judgment would certainly have gone against the plaintiff; hence, the burden being upon her to prove her cause of action, she was entitled to open and close with her evidence and argument.

The point that the court, over defendant's objection, admitted improper testimony, is not well taken. The abstract is flagrantly defective in several respects, and particularly in failing to reproduce the evidence, or enough of it to enable a reviewing court to pass upon the objection we are considering. It does, however, disclose that the particular evidence to the admission of which defendant now objects was elicited upon cross-examination of defendant himself. In substance it bore upon the value of the mining stocks which he says he bought for plaintiff, and his connection with the corporations, as a director and stockholder, which issued the purchased shares. We may well presume that, in his examination in chief, to which there is no reference at all in the abstract, defendant was interrogated as to these very matters, and that the cross-examination was strictly germane thereto. Besides, since the answer says that defendant, under the contract, might invest plaintiff's money in mining stocks which, in his judgment, were safe and profitable, the admitted evidence was clearly relevant and proper.

The argument directed to the error as to the alleged insufficiency of the evidence to uphold the judgment must be entirely disregarded. There is no attempt to abstract the evidence, and our rules do not require us to travel outside the abstract to search for an excuse to reverse a righteous judgment.

The objection that the court refused to give certain instructions tendered by the defendant requires

no consideration whatever. The abstract does not set out any of the instructions which the court gave to the jury, and it may be that the substance of the instructions tendered by defendant and refused by the court were embodied in the instructions that were given.

Aside from the foregoing considerations, we might dismiss the appeal for reasons already indicated, viz., that the defendant in his abstract has not properly preserved or presented the various points on which he relies, as our rules require shall be done.

The judgment is affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.