[No. 6046.]

LLOYD ET AL. v. CITY OF CANON CITY.

1. **Municipal Corporations—Violation of Ordinance—Prosecution**—A prosecution for a violation of a city ordinance is a civil proceeding.—(197)

If the defendant makes no objection to the process by which he is brought before the magistrate, and appeals from a judgment of conviction to the county court, he waives any defect or irregularity in the process, or the proceeding by which it is obtained.—(197)

Where the act charged is confessed, and no justification or excuse shown, the court may direct the verdict.—(198)

2. **Intoxicating Liquors—Sale**—The doctrine of Manning v. Canon City, 45 Colo. 571, reiterated.—(198)

3.  Intoxicating Liquors—Sale—Who Liable—The directors, manager, and bartender of an unincorporated social club are each liable to prosecution for a sale of intoxicating liquors made by the latter, in violation of a municipal ordinance.—(198)

*Error to Fremont County Court*—Hon. James L. Cooper, Judge.

Mr. J. H. Maupin, for plaintiff in error.

Mr. A. L. Taylor, for defendant in error.

Mr. Justice Campbell delivered the opinion of the court:

Six actions were brought against the four defendants in the police magistrate's court of Canon City, in each of which they were charged with violating a city ordinance, which makes it unlawful for any person to sell, offer, or keep for sale, or give away, or keep for the purpose of giving away, in any building within the corporate limits of Canon City, any intoxicating liquors. There were convictions and sentences in all of these cases in this court and from the judgments therein rendered defendants appealed to the county court where, appearing specially, they moved for a dismissal upon several grounds, the only one urged in argument here being that the affidavit upon which the warrant for their arrest was founded is not in accordance with the ordinance. After the motion to dismiss was overruled, defendants asked to have the six cases consolidated for trial as one action and the request was granted. Upon the evidence submitted the court instructed the jury to return a verdict against the defendants Lloyd and Walton in each of the six cases, against Goldsberry in three, and Horton in one. On the verdicts returned, in accordance with this direction, the court rendered the appropriate judgment from which defendants appealed. This appeal was dismissed and

the cause entered as pending on writ of error.—
*Walton v. Canon City,* 39 Colo. 81. The case upon
this writ is now submitted for decision.

The alleged insufficiency of the affidavit is the
failure of the affiant to state that he had reasonable
ground to believe the defendants guilty of the viola-
tion of an ordinance. The city ordinance which pre-
scribes the procedure in such cases, they being in the
nature of civil, and not criminal, actions (*City of
Greeley v. Hamman,* 12 Colo. 94), furnishes two
methods of instituting an action for the violation of
a city ordinance: one by summons; the other by war-
rant for the arrest of the accused. If the latter mode
is followed the warrant must be based on an affidavit
alleging, *inter alia,* that the affiant has reasonable
ground for believing that the accused is guilty, etc.
Whichever method is pursued, the object of each is
to obtain jurisdiction over the person of the defend-
ant and to bring him into court. When, in response
either to a summons or a warrant, he appears before
the magistrate and makes no objection to the process
or, as in this case, to the affidavit upon which the
warrant is based, and afterwards· appeals to the
county court from the judgment there rendered
against him, he waives the defect, if defect it be. In
the ·county court the trial is *de novo* and such an
objection is .waived by defendant's appeal.—*People
v. Drug Company,* 10 Col. App. 507; *Saner v. The
People,* 17 Col. App. 307, and cases cited.

A recent decision of this court, *Manning et al.
v. City of Canon City,* 45 Colo. 571, is decisive of the
main question involved here. In that .case it was
contended that a similar transaction, the furnishing
of liquors by officers or servants of an unincorporated
club to its members for a fixed price was not a sale,
or if a sale, not within the provisions of the ordinance.
In an elaborate opinion by Steele, C. J., we decided

both contentions adversely to the defendants there. Here the transaction was by officers and employees of an incorporated club. In both cases such a furnishing by the officers or employees of a club to its members constitutes a sale. The fact that the association is *bona fide* does not take the case out of the ordinance. The decision in that case is controlling here on the merits.

The further objection by defendants that the evidence does not show a sale personally by all of them is of no consequence. Some were directors, one the manager, and another the bartender who actually made the sales in question. All of them under this ordinance are equally liable; the directors and manager as authorizing, permitting and directing the sales to be made; the latter as actually making them. —*Mohrmann v. State*, 43 L. R. A. 398; 17 Am. & Eng. Enc. Law (2d ed.) 391-6; Black on Intoxicating Liquors, §§ 372-3, 342, 510. It necessarily follows on the admitted facts that defendants were guilty of a violation of the ordinance; indeed, as already indicated, the only defense which was set up by defendants as to the merits was, not that the sales were not made or authorized by them but that, being made by them as officers or employees of an incorporated club, the sales were not within the scope and meaning of the ordinance.

This being a civil and not a criminal action, the court properly instructed the jury to return a verdict against defendants because it was the only finding that the jury could lawfully make under the evidence; and had they returned a verdict in defendants' favor the court would have been obliged to set it aside.—*Livesay v. First National Bank*, 36 Colo. 526.                                              *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.