## No. 13,061.

SRONCE *v.* CITY AND COUNTY OF DENVER.
(32 P. [2d] 186)

Decided April 9, 1934.   Rehearing denied April 30, 1934.

Mr. JOHN C. VIVIAN, Mr. WILLIAM L. BOATRIGHT, for plaintiff in error.

Mr. JAMES D. PARRIOTT, Mr. FREDERICK P. CRANSTON, Mr. HARRY A. FEDER, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

FROM the abstract herein we learn that plaintiff in error was arrested, tried in the municipal court of Denver, found guilty and fined, and that he appealed to the county court "where the ruling of the municipal court, namely, that the City and County of Denver has jurisdic-

tion in cases of this nature was affirmed.'' No further judgment is set out, and no evidence, and whether the trial was to the court or a jury we are not told. However, a copy of the charge appears as follows:

''The above named defendant to The City and County of Denver, Dr. To #00 Dollars for a violation of the Municipal Code of the City and County of Denver, Section .... Article .... Chapter ...., passed and approved the 26th day of July, A. D. 1927, in this, to-wit:

''That said above named defendant did violate said section of said chapter and article of said ordinance in the City and County of Denver and State of Colorado, on or about, to-wit, the 17th day of September, A. D. 1931, against the form of the ordinance in such case provided.

''L. C. Willis.

''Subscribed and sworn to before me this 17th day of September, A. D. 1931.

''Alvin H. Pickens, Municipal Judge.''

This we have compared with the bill of exceptions only for the purpose of ascertaining if its defects were actual or typographical. We find them actual.

Briefly stated this charge is that defendant on September 17, 1931, violated a municipal code adopted July 26, 1927. Nothing more. The particular ordinance involved, if such there be, the chapter, article or section, the act thereby commanded or prohibited, the thing it is charged defendant did or omitted, all are left to conjecture. Under no statute, system, or rule known to us, is this a charge. C. L. 1921, §9440; 43 C. J., p. 463, §656.

The question assigned and argued is the jurisdiction of the municipal court, without reference to this charge. But we cannot overlook the fact that if the court otherwise had jurisdiction its action herein would be void for want of a complaint. The fine imposed has nothing to support it. If it be conceded that the bill of exceptions discloses the trial of an agreed case then it is sufficient to say that this does not appear from the abstract.

The judgment is therefore reversed and the cause remanded with directions to dismiss at the costs of defendant in error.

Mr. Justice Butler and Mr. Justice Bouck dissent.

Mr. Justice Bouck, dissenting.

I dissent from the decision and the majority opinion herein.

This court has at various times taken advanced ground by "cutting red tape," in other words, by looking squarely at the substance of things and refusing to be bound by empty forms or by mere technicalities raised on behalf of one or the other party to an action.

In the majority opinion, however, one beholds a startling instance of the reverse process. Indeed, the court here actually lets technicalities of its own creation crowd out the merits of a controversy brought to it with earnestness and in good faith.

Both the plaintiff City and County of Denver (herein called the city) and the plaintiff in error (herein called the defendant) have obviously spent considerable time and money in presenting their respective contentions in the regular way, including printed briefs. They have litigated without raising a single technical objection. Both parties are represented by able and experienced counsel. The city appears by regular members of its legal department. The defendant's interests have been entrusted to two attorneys: one of them has served Jefferson county as its county attorney for many years; the other, who is the present county attorney of that county, has served as district attorney of the first judicial district, and was twice elected as attorney general of Colorado.

The significance of my statement in regard to the attorneys conducting this case will be understood when I explain the nature of the controversy.

By authority of specific provisions, constitutional,

statutory or both, the city has established an extensive system of mountain parks, reaching into other counties than its own. The most frequented of these parks lie in Jefferson county. It is a matter of common knowledge that a controversy has arisen between the city and Jefferson county as to the existence and extent of the city's authority over those parks and the city's right to regulate the use of the roads and highways therein. It is thus more than a private squabble or ordinary litigation. It involves the question of jurisdiction, in this connection, of Denver's municipal court as against the jurisdiction of the courts of an adjacent county wherein the mountain park is situated. Counsel unanimously requested that the case be advanced on the docket of this court, urging "that the matter is *publici juris* for the reason that it involves the question of jurisdiction of law enforcement officers of the City and County of Denver and the County of Jefferson, respectively, in the mountain parks; that the proper policing of the mountain parks requires a prompt determination of the question of jurisdiction of the City and County of Denver and of the County of Jefferson, respectively." All indications point to Jefferson county as actively supporting the defendant's cause for the legitimate purpose of determining the respective rights and duties of the county and the city. I do not believe that the particular subject matter would ever be presented with greater ability or skill on either side. The only sensible way in which such a controversy can be settled is of course through judicial decision. I know no other or better method of getting the question into court than by Denver's proceeding against somebody for alleged violation of the regulatory mountain-park legislation passed by the city. This is exactly what has happened. We are therefore confronted by an important and rather pressing problem, having exceedingly practical bearings because of the many serious accidents constantly occurring on the roads in the mountain parks.

I purpose now to discuss the attitude of self-imposed inaction represented by the majority decision herein, and to give my reasons for thinking that this attitude is wrong.

The writer of the majority opinion has apparently overlooked several facts. He quotes from the printed abstract of the record what he calls the "charge," and says that upon comparing it "with the bill of exceptions only for the purpose of ascertaining if its defects were actual or typographical," he finds them "actual." The complaint, or affidavit, in the bill of exceptions, however, states $300 as the maximum amount of potential recovery (instead of the typographically erroneous "#00") and by endorsement shows that it is a *"complaint for reckless driving" in the mountain parks.* It was so considered by the parties and by the judge in the municipal court of Denver, where judgment went against the defendant for a $10 fine and costs of $2. It was clearly so considered in the Denver county court, where carefully prepared briefs were filed for the consideration of the county judge. All attorneys agree upon these facts. The majority opinion goes on and quotes from the abstract of the record to the effect that in the county court "the ruling of the municipal court, namely, that the City and County of Denver has jurisdiction in cases of this nature was affirmed." That opinion then proceeds: "No further judgment is set out, and no evidence, and whether the trial was to the court or a jury we are not told." Yet a cursory inspection of the short and concise record, and of the briefs, gives abundant light, tells us just what section of the ordinances is alleged to have been violated, reveals that a jury was duly waived, and presents all the facts by express stipulation of counsel. If the interests of justice suggested the advisability of checking possible typographical errors in the abstract by referring to the record itself, I submit with all due deference that those interests also would naturally

call for a similar reference to the record, or at least to the briefs, in order to get at the real controversy before us, as understood and deliberately acted upon by the trial court and by the parties and their attorneys. No one is left in doubt by the record.

There was no uncertainty in the minds of the attorneys as to the nature of the complaint against the defendant. The one great question was as to the city's jurisdiction over its mountain parks, and it was honestly and courageously dealt with by both sides. The assignments of error are apt and comprehensive.

So far from invoking any technicalities, counsel for the defendant and counsel for the city, as already stated, united upon a stipulation, at the trial de novo in the county court, as to all the facts, including the various ordinances. These facts are accurately marshaled in the city's brief as follows: "1. The City and County of Denver acquired certain land in Jefferson County for parks, parkways, boulevards and roads. 2. The City * * * enacted Ordinance No. 96, Series of 1919, known as the Mountain Parks Highway Ordinance, which ordinance provided for regulation of traffic over the land thus acquired. * * *. 3. On July 12, 1931, while driving over the land thus acquired by the City * * *, in Jefferson County, the defendant violated Section 12 of the above ordinance, being the portion of said ordinance forbidding reckless driving upon a road or highway. 4. The City * * * regularly enacted an ordinance creating a Municipal Court of the City and County of Denver, which ordinance gave to the Municipal Court such full and complete judicial authority as is possessed by the City * * *. 5. Defendant was arrested upon the land thus acquired in Jefferson County, by police officers of the City * * *, was brought before the Municipal Court of the City and County of Denver, and pleaded not guilty therein. 6. The defendant was found guilty of a violation of said ordinance by the Municipal Court * * * and

fined by said Court. 7. On appeal to the County Court, he was again found guilty of the violation of said ordinance and again fined.'' The printed briefs of both parties quote (as the ordinance provision which is claimed to have been violated) the aforesaid section 12 (found also in Municipal Code, 1927, §2005), reading as follows: ''All moving vehicles shall be driven in a single file, except when passing another, and shall keep to the right of the center of the road, and one vehicle shall not pass another vehicle going in the same direction on a curve where a vehicle coming from the opposite direction cannot be seen approaching.'' This ordinance provision was admitted in evidence with the full consent of defendant's counsel.

The bill of exceptions shows that, at the very opening of the trial in the county court, counsel for the city, with the acquiescence and approval of counsel for the defendant, clearly stated the case to be one in which *the defendant ''was charged with reckless driving in the mountain parks.''* It further shows that *both sides stipulated ''that the matter will be submitted * * * entirely on the proposition of the validity and constitutionality''* of the municipal provisions involved. To these statements the defendant's counsel expressly assented.

I venture to say that, if under the above related conditions the defendant had attempted to raise here the question of the sufficiency, defect or absence of process, or of the sufficiency or absence of a complaint, or affidavit, this court would have promptly interposed by saying that, after dealing as he had with the case, the defendant must be held to have waived any objection of the sort by proceeding in municipal court and in county court to try the case on the merits. It seems strange that the defendant, though not attempting to raise such objections here, should be relieved by this court, acting on its own motion, from the judgment against him with-

out any consideration of what both sides have consistently regarded and still regard as the only material issues.

The principle of waiver—by general appearance in a trial for violating a municipal ordinance—of the right to object to alleged insufficiency or total absence of a complaint or affidavit, or alleged insufficiency or absence even of process, is well settled. 43 C. J., page 459, §647, "Waiver" (also, Id., pages 455, 457, §§637, 639); *Lloyd v. Canon City,* 46 Colo. 195, 197, 103 Pac. 288 (citing *People v. Drug Co.,* 10 Colo. App. 507, 51 Pac. 1010, and *Saner v. People,* 17 Colo. App. 307, 69 Pac. 76); *Goodman v. Denver,* 73 Colo. 465, 466, 216 Pac. 536 (citing the Saner and Lloyd cases). Compare: *Deitz v. City of Central,* 1 Colo. 330 (citing *Railroad Co. v. McCutchin,* 27 Ill. 9); *Colorado C. R. Co. v. Caldwell,* 11 Colo. 545, 19 Pac. 542; *Paul v. Rooks,* 16 Colo. App. 44, 63 Pac. 711. Of course a prosecution like the present is in no sense a criminal case. *City of Greeley v. Hamman,* 12 Colo. 94, 20 Pac. 1. Readily distinguished from the case at bar are such cases as *Watson v. Denver,* 86 Colo. 555, 283 Pac. 538, and *Cornelius v. People,* 89 Colo. 451, 3 P. (2d) 1072. In the Watson case there was a motion for a directed verdict on the ground that the ordinance provision relied upon in the complaint charged no offense whatever. This court properly reversed the case. In the Cornelius case the complaint expressly limited itself to the alleged violation of one part of an ordinance, not constituting an offense, whereas the evidence bore solely upon an entirely different part, obviously not covered by the complaint at all. Seasonable objection was made in each instance before the trial court.

On still another ground, and wholly irrespective of whether a case is commenced in a court of superior or of inferior jurisdiction, this gratuitous and purely technical "knockout" for both parties should not stand. No authorities need be cited, I am sure, in support of the

proposition that where a nisi prius court, high or low, has been led—as here—to try a case on stipulated or assumed facts, and under a particular theory, these facts and this theory will be considered by the appellate court, to the exclusion of other facts or theories that could have been, but were not, brought to the attention of the trial court. Since the parties here do not request this court to deviate from that fundamental rule, I submit that this court should not do so of its own volition.

The final pronouncement of the majority opinion that "if it be conceded that the bill of exceptions discloses the trial of an agreed case then it is sufficient to say that this does not appear from the abstract," seems to be a begging of the question. Moreover, on the facts I have stated, the decision is apparently the complete subordination of substance to form, the mistaking of the means for the end, and a complete disregard of the statement in the abstract that the defendant stands charged with a specific ordinance violation which is the only one dealt with or discussed by the parties herein. Nor am I able to understand why a penalty should be imposed in the form of irretrievable defeat upon the party which has won on the merits in two trial courts. The reversal, it will be noted, is *with directions to dismiss at the costs of the city;* and such reversal is adjudged because the abstract filed *by the hitherto unsuccessful party* does not measure up to what the court considers a proper standard. But defects in an abstract may, if necessary, be remedied. Supreme Court rule 36. They are sometimes condoned. *Dailey v. Aspen Pub. Co.,* 46 Colo. 145, 146, 103 Pac. 303; *Lombard v. Overland D. & R. Co.,* 41 Colo. 253, 92 Pac. 695. And for defects in the abstract *the writ of error may be dismissed (Macdermid v. Watkins,* 41 Colo. 231, 92 Pac. 701); only, however, when the plaintiff in error fails to offer a sufficient abstract *after the defects are called to his attention (Brennan Co. v. Vickers,* 31 Colo. 324, 73 Pac. 46). I find no precedent,

on the ground of such defects, for peremptory reversal. Such a disposition is, so far as I can find, contrary to both reason and authority. It is my conviction that this court ought to consider and decide the case on its merits.

Mr. Justice Butler concurs in this dissenting opinion.