## No. 16,337.

HARRIS *v.* MUNICIPAL COURT OF THE CITY AND COUNTY OF
DENVER ET AL.
(234 P. [2d] 1055)

Decided May 21, 1951. Rehearing denied July 16, 1951.

Mr. Darwin D. Coit, for plaintiff in error.

Mr. J. Glenn Donaldson, Mr. Abe L. Hoffman, for defendants in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

The complaint in this action discloses that Harris was arrested by police officers within the City and County of Denver and there charged in the municipal court with the violation of certain sections of a city ordinance. He gave bond for his appearance the following day, at which time he appeared, accompanied by counsel. He was then advised as to the sections and ordinance alleged to have been violated, pleaded not guilty and, without objection, went to trial. Thereupon, after interrogation at some length of one of the arresting officers, continuance was requested in behalf of the city, and over objection of Harris a fifteen-day continuance was granted.

A few days thereafter, Harris' attorney inspected the files in the case and ascertained therefrom that the complaints on file were purportedly verified by the officer, but not signed by him. Such fact being then noted by the deputy clerk, the complaining officer promptly signed the complaints. Motion for dismissal was then made in behalf of Harris on the grounds that no complaint had been filed with the clerk at the time the trial was begun, and that the granting of a continuance constituted abuse of discretion. This motion was denied and Harris thereupon instituted the present action in the district court, seeking dismissal of the proceeding in the municipal court on the ground that said court had exceeded its jurisdiction and abused its discretion. The municipal court appeared by counsel and upon its motion judgment of dismissal was entered.

As first ground for reversal, it is urged that the

municipal court had no jurisdiction, because no warrant or summons was served on Harris. The sole purpose of a warrant or summons was to bring defendant into court and, even if required in case of arrest for violation of ordinance committed in the presence of the arresting officer, it was waived by appearance and going to trial without objection on that ground. *People v. Weiss-Chapman Drug Co.*, 10 Colo. App. 507, 51 Pac. 1010; *Lloyd v. Canon City*, 46 Colo. 195, 103 Pac. 288. The fact that defendant gave bond, and subsequently appeared in order to avoid confinement in jail, does not change the effect of his appearance. *State v. Miller*, 87 Kan. 454, 124 Pac. 361.

Of more serious import is the challenge to the jurisdiction of the court based upon the fact that the complaint was not signed by the complaining officer, or at all. The pertinent Denver ordinance requires that an action for violation of a municipal ordinance "shall be commenced by filing a complaint with the clerk of the Municipal Court," and that, "The complaint shall be signed and sworn to by the person alleging the violation." The procedural ordinance further provides that, "No objection to the form of any summons or complaint shall be considered by any court because of any defect unless such objection was made by the defendant prior to trial of the case on its merits, but trial of a case on its merits shall not waive any objection theretofore made." In *Sronce v. Denver*, 94 Colo. 578, 32 P. (2d) 186, which Harris relies on as supporting his position, the defect in the complaint was vital in that there was nothing to show of what offense defendant was charged and convicted, and nothing to set up as a bar to subsequent prosecution for the same offense. Here the charge is specifically set out in accordance with the ordinance and there is no contention that defendant was prejudiced in any way by omission of the signature from the complaint.

As we have repeatedly held, this is a civil pro-

542

ceeding instituted in a court not of record, and, in general, proceedings therein are governed by the principles of law and rules pertaining to civil procedure. *City of Greeley v. Hamman,* 12 Colo. 94, 20 Pac. 1; *Lloyd v. Canon City,* 46 Colo. 195, 103 Pac. 288; *Manzanares v. People,* 119 Colo. 156, 201 P. (2d) 532. "The better rule is not to apply to the pleadings [for violation of city ordinance] the strict rules applicable to criminal informations." 9 McQuillin Mun. Corp. (3d ed.), 586, §27.17. Rule 11 of our Rules of Civil Procedure, consonant with the Federal rule, requires that every pleading shall be signed. While we have not had before us the question of failure to sign pleadings, it has been repeatedly held by the federal courts that failure to sign a pleading, as required by Rule 11, may warrant the striking of the pleading, but will not justify dismissal of the action. In *Universal Laboratories Inc. v. Vivaudou Inc.,* 8 F. R. Serv. 11.51, Case 1, where attorney for plaintiff failed to sign the complaint and motion for dismissal was denied, the court said: "There is no proof of willful failure or refusal and no prejudice could be claimed by the defendants if the plaintiff were given leave to sign the pleading heretofore served"; In *Holley Coal Co. v. Globe Indemnity Co.,* 186 F. (2d) 291, the court said: "But an unsigned pleading is not invalid. *In re Legon,* D.C., 85 F. Supp. 946; *Pallant v. Sinatra,* D.C., 7 F.R.D. 293. Striking the pleading is within the sound discretion of the court." See, also, *DeMontis v. Potomac Electric Co.,* 1 F.R.D. 119. If, then, we are to follow our repeatedly declared rule, that this is a civil action, governed by the rules of civil procedure, we must hold that the failure to sign the complaint was not jurisdictional, but is subject to correction upon being called to the attention of the court.

■■ However, if we go farther than this, and consider the action as penal and therefore quasi-criminal in nature, still we think the defect would not be jurisdictional. Our criminal statute, chapter 48, section 455, '35

C.S.A., requires that all informations shall be subscribed by the district attorney, or by his deputy, and that where the defendant has not had or waived a preliminary examination there shall be filed with the information the affidavit of some credible person verifying the information upon the personal knowledge of affiant that the offense was committed. Yet we have repeatedly held that want of such affidavit is not jurisdictional, but for the benefit of the defendant, and is waived unless timely objection is made in the trial court. *Taylor v. People,* 21 Colo. 426, 42 Pac. 652; *Bergdahl v. People,* 27 Colo. 302, 61 Pac. 228; *Curl v. People,* 53 Colo. 578, 127 Pac. 951. The question of the effect of want of signature to a criminal information, as required by the statute, does not appear to have been before us, but it has been considered by the courts of other jurisdictions. In *Morrow v. State,* 140 Neb. 592, 300 N.W. 843, there was involved a criminal complaint under which defendant was convicted. The court said, inter alia:

"In order to confer jurisdiction upon a magistrate in a criminal case, a complaint must be filed agreeable to the provisions of this section of the statute. [In writing and on oath, signed by the complainant.] * * *.

"As will be observed there must be a complaint which must be in writing. The complaint must also be on the oath of the complainant. Certain of these essentials were in no sense complied with. It is sufficiently clear that James T. English, described as county attorney, is the complainant. It is also clear that the complaint is neither signed by him nor on his oath. * * * The complaint was on its face clearly defective.

"In the municipal court no objection was raised as to the form or sufficiency of the complaint, and the defendant was duly and regularly arraigned and proceeded to trial. In that court he waived the defect." To the same effect, see, *State ex rel. v. O'Grady,* 137 Neb. 824, 291 N.W. 497.

In *Roberts v. State,* 72 Okla. Cr. 384, 115 P. (2d) 270,

it was stipulated that the county attorney's name which appeared on the information was signed by his stenographer, when the statutes required that it be signed by the county attorney. This defect was held not to be ground for reversal. In *Brown v. State*, 9 Okla. Cr. 382, 132 Pac. 359, defendant was convicted of murder upon an information which bore no signature whatever and no verification. The record showed that objection on the ground that the information was not signed or verified by the county attorney was presented for the first time in the appellate court, and it was noted in the opinion of the court that there was no claim that defendant was prejudiced or deprived of any substantial rights upon the merits through failure of signature. The court there held that the signature was no more a part of the information than were the names of witnesses which, under their statute, as under ours, were required to be endorsed thereon; that the requirement of signature and of endorsement of the names of witnesses is for the protection of defendant as a guarantee that the prosecution is being conducted in good faith by the state, and to enable defendant to find out what the testimony against him will be and to investigate the character of the witnesses against him; that failure in so signing or endorsing is not jurisdictional, but should have been pointed out by demurrer so that the trial court might have directed the county attorney to comply with the statute, and that by failure of timely objection the defect was waived. For the reasons there expressed, we think the municipal court did not exceed its jurisdiction in refusing to dismiss the charges in the case before us.

██ Finally, it is contended that the municipal court abused its discretion in granting a continuance of fifteen days, over the objection of defendant Harris, after hearing testimony of one witness. The granting of continuances is peculiarly within the discretion of the trial court. The convenience of parties, the availability of witnesses, the other necessary work of the court, and

many other considerations may properly influence decision thereon. None of these considerations is disclosed by the complaint, except the bare statement that it was announced to the court before he granted the continuance that the plaintiff resided some 300 miles from Denver. The insufficiency of this showing speaks for itself.

The judgment of the trial court is affirmed.

MR. JUSTICE HOLLAND and MR. JUSTICE HILLIARD dissent.