## MACKEY v. WILLSON.

**Appeals—When the Facts Will Be Examined—**A final decree in an equity cause, upon conflicting evidence, heard orally before the court, no question of law being presented, will not be reviewed.—(317)

*Appeal from Weld District Court*—Hon. JAMES E. GARRIGUES, Judge.

Mr. H. E. CHURCHILL, for appellants.

Mr. JOHN T. JACOBS, for appellee.

This suit was brought by the plaintiffs, Adlebert G. Mackey and Sarah L. Mackey, husband and wife, appellants here, in the district court of Weld county, Colorado, on May 18th, 1905, against the defendant, Lewis N. Willson, appellee here, for the cancellation of a certain contract of purchase and sale, made and entered into by and between said parties on April 4th of that year, providing in effect for the exchange between them of certain ranch lands, those owned and exchanged by the plaintiffs being located in said county of Weld, and those belonging to the defendant and transferred in the transaction being situate in the county of Cheyenne and state of Nebraska; also to annul, set aside and declare void the respective instruments which had theretofore passed between said parties, in the mutual interchange and conveyance of the titles to said properties, all of which were executed agreeable to and in compliance with the terms of said contract of purchase and sale, or else for a decree directing reconveyances between the parties of the properties herein involved; also for damages for the use and occupancy, meanwhile, by defendant, of the said Weld county lands; and for general relief.

The action is grounded upon alleged false and fraudulent representations claimed to have been made by defendant to the plaintiffs, to induce and compass the exchange and trade, of and concerning which complaint is made, of said properties. All allegations of fraud, misrepresentations and falsity are directly put in issue by the defendant in his pleadings. The case has been practically tried twice before the same judge; once upon the plaintiffs' application for a receiver, at which all of the parties to the suit were personally present and examined, and at which the same kind, character and class of testimony introduced at the regular trial of the case was submitted. The trial judge, upon strangely conflicting testimony, going to substantially all of the material issues raised, touching the question of fraudulent and false representations, at both hearings found the issues against the plaintiffs, having denied the application for a receiver upon the first one, and having upon the final trial dismissed the complaint, with a specific finding that the testimony did not sustain or support its allegations. To review the findings of the trial court and said judgment of dismissal, the case is brought here on appeal by the plaintiffs.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This judgment must be affirmed upon the well-settled doctrine that the findings of fact, upon conflicting testimony, of the trial judge, are conclusive upon the appellate court. The wisdom of the rule may not, at this late day, be challenged. We have examined carefully and critically the voluminous record in the case, including the testimony, and have read with the utmost interest the unusually exhaustive, able and persuasive arguments of counsel for appellants in support of his contention for a reversal

of this judgment, but are wholly unable to find anything here for decision, other than questions of fact, all of which have been passed upon and determined by the trial judge, after meeting the parties to the suit and their witnesses face to face, hearing them testify upon the stand and observing their appearance and demeanor, adverse to the contention of plaintiffs. This court, being totally without these valuable and almost indispensable aids, available at the hearings below, will not presume to overturn the conclusions of the trial judge, since abundant warrant is found in the testimony adduced, both oral and documentary, to support them. It is only fair, however, to say that, in the opinion of the court, reasonable and just men might honestly and conscientiously differ, upon the whole record as made, as to the conclusions which might properly have been drawn therefrom. In short, this is precisely the sort and kind of a case that calls for the application of the rule above announced, which rule is of universal adoption and sanction by our courts.

We search the record in vain to find any question of law in the case, or any question of the erroneous application of the law by the trial judge, as is contended by counsel for appellants, in giving effect to the testimony. The sole question before the lower court for determination was one of fact, or of many facts. Upon the testimony, conflicting as it was upon every material matter in issue, as we view and understand it, findings favorable to either party might well have been entered by the trial judge, and it being his particular province and function to pass upon the credibility of the witnesses and the weight to be given to their testimony, the conclusions reached by him, under conditions and circumstances such as are disclosed by the record, will not

be disturbed. The judgment should be affirmed, and it is so ordered.

Judgment affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE. concur.