[No. 5542.]

### DAILEY v. THE ASPEN DEMOCRAT PUBLISHING COMPANY.

1. **Appeals—Abstract—**Defects in the abstract attributable to counsel's unfamiliarity with the rules of the court, excused.—(146)

2. **Appeals—Presumptions—**It is presumed until the contrary is made manifest, that no error occurred, either in the admission or rejection of evidence, and that the evidence is sufficient to support the judgment.—(148)

3. **Lessee of Chattels Acquiring Outstanding Title—Effect—** The lessee of a newspaper plant, subject to mortgages which he has assumed, cannot, even though he acts in good faith, effectually acquire title to the leased properties by a purchase at the sale under the mortgages.  The purchase inures to the benefit of the lessor.—(149)

*Appeal from Pitkin District Court*—Hon. M. S. BAILEY, Judge.

Mr. ARTHUR C. MALTBY, Mr. HENRY C. ROGERS, and Mr. HAROLD W. CLARK, for appellant.

Messrs. MULLINS, WALDRON & SMITH, Mr. J. W. DOWNING, and Messrs. THOMAS, BRYANT & MALBURN, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

From the printed abstract of record we are hardly able to ascertain the facts constituting this controversy.  The insufficiency of that instrument

can be partially appreciated by quoting from the additional brief of appellant filed by Messrs. Mullins, Waldron & Smith, now of counsel, in which they say: "All we have endeavored to do in this argument is to reach a definite state of facts, if such could be possible. under the record filed in this cause."

Appellant has certainly failed to comply with Rules 14 and 17 of this court, and the appeal might properly be disposed of thereunder without further consideration.—*Purdy v. Geary,* 45 Colo. 129, 100 Pac. 426. We shall not, however, invoke the rules, as counsel say the failure of appellant to comply therewith was not intentional, but arose from unfamiliarity with the rules. Accordingly, we have resorted to the transcript of the record for an understanding of the issues involved.

It appears that appellee was a corporation engaged in publishing a daily newspaper in the city of Aspen, and was the owner of certain presses, linotype machines and other property used in its publication; that, on the 15th day of June, 1902, it leased said paper and property to the appellant for the term of one year, with the privilege of a second year. This lease was made subject to certain chattel mortgages on the plant and machinery, to wit: J. L. Weir, $500.00; the Mergenthaler Linotype Company, approximately $1,300.00. The indebtedness of the appellee, as shown by its books, was assumed by appellant, and the accounts due were turned over to him for collection; all collections so made to be applied to the liquidation of such indebtedness assumed, and surplus, if any, expended for the betterment of the plant. Appellant was to pay to appellee as rent 20 per cent. of the net proceeds derived from the printing and publishing of said paper. Appellant was also obligated to pay

certain monthly notes of $73.00 as they became due the Mergenthaler Linotype Company, and a lien was given on all accounts of said appellant to insure such payments. Certain of the monthly installment notes to this company became or were due before the execution of the lease and remaining unpaid, appellee executed a second mortgage on the linotype machines to one Falsom, and, with the proceeds, took up such due notes. Appellant made no monthly or any accounting to appellee, nor did he liquidate the monthly notes falling due the Mergenthaler Linotype Company. Under an arrangement, however, with the owners of the Weir and Falsom mortgages, foreclosures of the same were claimed to have been made. In order to find a purchaser at the attempted foreclosures, appellant assigned to one Brooks, who was working for him, certain accounts due the paper, and at the suggestion of the said Brooks and appellant, the owners of the mortgages assembled at the office where the paper was published, and, without any notice whatever, either to appellee or the public, at private sale, which the mortgages permitted, sold the plant to said Brooks, who afterwards, by bill of sale, transferred a part thereof to the wife of appellant. Thereafter, it is claimed, appellant acquired title to the plant from his wife and Brooks. No visible change of possession or ownership took place by reason of any of these alleged sales. It was claimed that Brooks, though not named in the lease, was nevertheless a partner of appellant. Appellant claimed that a large portion of the amount assigned to Brooks to enable him to purchase at said foreclosures, was due appellant for salary; on the other hand, appellee claimed that salary to the appellant was not contemplated by the lease; that such compensation was 80 per cent. of the net profits. Certain expenditures were made by appellant after the al-

leged foreclosure of the mortgages, in proper protection of the plant. The case was tried to the court without the intervention of a jury, and the judgment and decree finds that appellee's title, derived through foreclosure of the Weir and Falsom mortgages, is invalid, but that appellant advanced $1,140.82 in acquiring the same and protecting the property; that a mortgage executed for $700.00 by appellant after said alleged foreclosures, is a valid lien against the plant. Decrees that appellee shall, within thirty days, return said $1,140.82 to appellant with 8 per cent. interest from May 15, 1903, and thereupon take possession of the plant subject to said $700.00 mortgage, and that, failing to make such payment within said time, appellant's title under the alleged foreclosures be and is confirmed and declared absolute, possession to remain with appellant during such period.

From this judgment and decree, this appeal is prosecuted.

Appellant presents seven specific assignments of error. The first six are based upon the court's refusal to admit evidence. Not the slightest effort is made, however, to show that such evidence was admissible under the law. It is presumed the court did not err in the admission or rejection of evidence and the burden to show error in that respect rests clearly upon appellant. Counsel assert that such evidence offered and refused was probative, but such assertion is hardly sufficient to convince the mind.

The seventh assignment asserts that the decree is contrary to the evidence and the law, and should have confirmed title of appellant to the property in question. It is contended that the foreclosures terminated the lease; that, if appellant did stay in possession of the premises, it was at the sufferance of Brooks, the purchaser, under the foreclosure sales;

or, if the foreclosures were not regular, they were made with the knowledge and consent of the officers and directors of the appellee, and appellee cannot be heard to complain; that there is nothing to show that the purchase by appellee was not made in absolute good faith; and that, therefore, if the mortgages were regularly foreclosed, and the lease canceled, and the appellant herein was a purchaser in good faith, then the judgment was erroneous. The most we can discover from the record is, that perhaps certain of the directors of the company, not however, in a directors' meeting, but as individuals, acquiesced in the foreclosure of these mortgages and the alleged acquisition of the plant by appellant, and presumably by reason thereof the corporation is estopped to question the *bona fides* of such transactions. If appellee is precluded from questioning the transactions under consideration, it is necessarily by estoppel or laches, neither of which was presented by the pleadings. It is wholly unnecessary to assume that appellant's acts in furtherance of the foreclosures were otherwise than honest. Under certain circumstances, acts in perfect good faith are nevertheless in legal effect a fraud upon the rights of others. It may be that appellant acted in entire good faith in purchasing or causing to be purchased the mortgages, or participating in the alleged foreclosures thereof, yet because of the circumstances under which he was acting and his relation to the appellee, the things which he did would inure to the benefit of the latter. Certain it is, the court found in its judgment and decree that the title or titles claimed by appellant "ought not to be, and are not, upheld by this court, but are adjudged invalid." Another specific finding of fact was that appellant had advanced, on account of said mortgages, $1,-$140.82, which, with interest, should and ought to be

repaid by appellee to appellant. The inapplicability of the argument of appellant is, that the court did not find that the mortgages were regularly foreclosed; did not find that the lease was canceled, and did not find that appellant was a purchaser in good faith.

Appellant fails to show wherein the evidence is insufficient to support the judgment. This is incumbent upon him.—*Runyan v. Snyder,* 45 Colo. 156, 100 Pac. 420. The findings of fact of the trial judge upon conflicting evidence is conclusive upon this court. —*Mackey et al. v. Willson,* 45 Colo. 316, 101 Pac. 334. As to whether or not appellee made tender to appellant of the sum designated in the decree within the time limited, is not disclosed by the abstract, and if he has failed in that respect, what its effect would be upon the status of the parties is not before us, and we express no opinion thereon. Appellant has failed to point out any substantial error in this record, and the judgment is, therefore, affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice Musser concur.