No. 9244.

DOWD *v.* HERCULES POWDER COMPANY.

1. APPEAL AND ERROR—*Presumptions.* What appears in the record as to the facts is to be viewed in the light most favorable

to the parties successful below; and it is presumed that the evidence heard below supports the judgment.

2. CONTRACT—*Construed.* In January A. D. 1914, plaintiff agreed to sell to defendant all the dynamite he should require for his own consumption, during the ensuing two years. Shortly before the expiration of the period defendant ordered a quantity largely in excess of what he had purchased during all the previous period of the contract, though he had then on hand a considerable quantity. *Held* to justify plaintiff's contention that the orders so made were in fact intended to enable defendant to speculate upon an advance in the rising market, and were not justified by the contract.

*Error to Eagle District Court, Hon. Charles Cavender, Judge.*

Messrs. HOGAN & BONNER and Mr. H. RIDDELL, for plaintiff in error.

Messrs. DANA, BLOUNT & SILVERSTEIN and Mr. RICHARD A. SMITH, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action brought by the Hercules Powder Company, hereinafter designated as the plaintiff, against J. W. Doud, defendant to recover the price of certain goods sold and delivered. The defendant filed a cross-complaint for damages for an alleged breach of contract. Issues were joined, and upon trial the court found for the plaintiff. The defendant was denied any recovery upon his counterclaim.

The cause is brought here for review by the defendant, and the matters complained of, or presented for our consideration, relate only to the defendant's counterclaim for damages and the trial court's denial of the same.

The contract, upon which the defendant relies, was entered into on January 6, 1914, and continued in effect for a period of two years from that date. The contract was made between the defendant, designated therein as "purchaser" and the Independent Powder Company, described as "vendor." The plaintiff is the successor to the last named company, and now stands in its place under the contract.

Paragraph 2 of the contract reads as follows:

"2. WITNESSETH: That, in consideration of all the business of the purchaser, the vendor hereby agrees to sell to the purchaser, and the purchaser, in consideration of the prices and terms hereinafter stated, hereby agrees to buy from the vendor all the dynamite and other blasting supplies which may be required by the said purchaser during the term of this contract, for his own consumption or in the conduct of his own business at Red Cliff, Colorado District."

The defendant alleged in his cross-complaint that "within and during the life of this contract be placed with said plaintiff orders for goods to an amount of 250,000 caps, 100 cases of White Monarch Fuse, and one carload of powder * * *"; that plaintiff refused to furnish the goods; and that by such act of the plaintiff the defendant was damaged.

The plaintiff interposed several defenses to the defendant's counterclaim, one of which appears from the following allegations: "That if defendant ordered * * * the caps, fuse and powder referred to * * *, such merchandise was not required by defendant during the term of said contract for his own consumption or in the conduct of his own business * * *, and was ordered by defendant, * * * in quantities, which as he then well knew, were far beyond the requirements of himself or his business, and for the purpose of obtaining such merchandise at cheap prices and selling it during the years 1916 and 1917, and thereafter at such advanced prices as he would then be able to obtain."

At the trial, evidence relevant to this defense was received by the court. It is incumbent upon the plaintiff in error to show wherein the evidence is insufficient to support the judgment. *Dailey v. Aspen Pub. Co.,* 46 Colo. 145, 150, 103 Pac. 303. In our opinion, the plaintiff in error has failed to do this. The presumption therefore obtains that the evidence supports the judgment. 4 C. J. 786. What appears in the record as to matters of fact is to be viewed in the light most favorable to the successful

party.  *Sebold v. Rieger,* 26 Colo. App. 209, 142 Pac. 201.

Reviewing the record, in the light of the principles above stated, we find that the evidence fairly sustains the defense above mentioned, and that the trial court would have been warranted in finding the issue, in this respect, for the plaintiff, and for that reason denying defendant any recovery upon his counterclaim.

The term of the contract expired January 6, 1916. The order for goods, given by the defendant and which the plaintiff refused to fill, was made on January 1, 1916, at a time when the defendant knew that the period fixed by the contract for furnishing goods was about to expire. The evidence also warrants the inference that the defendant knew that if the order was filled by the plaintiff, the goods could not be delivered until after the expiration of the term fixed by the contract. At the time the order was given the defendant already had on hand a reasonable quantity of material of the kind ordered. The evidence shows that the single order of January 1, 1916, was for more material than had been ordered during the previous month, and that the December, 1915, and January, 1916, orders together amounted to more material than the defendant had ordered during the entire remainder of the two-year term of the contract. The record appears to uphold the contention of the plaintiff, to the effect that the testimony fails to show that the defendant required the dynamite and blasting materials, ordered January 1, 1916, to meet the demands of his business during the term of the contract, and that the order was given as an attempt to use the terms of the contract for the purpose of speculating on the advanced and rising market price of the materials. The contract in question does not require or provide that the plaintiff furnish all the material sought by defendant, but only so much "as may be required by the said purchaser (the defendant) during the term of this contract, for his own consumption or in the conduct of his own business." The contract does not permit the defendant to stock up,

to an undue extent, with goods just before the term of the contract should terminate.

In our opinion the evidence is sufficient and of such a character to uphold the judgment of the trial court, and the same is, therefore, affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.