Battle, J.
 

 The facts set forth in the defendant’s bill of exceptions, are not stated with sufficient perspicuity to enable us to be sure that we correctly understand the exceptions which he intended to make. So far as we can comprehend them, we will endeavor to notice them in the order in which they are presented.
 

 1. The first exception is that the Court instructed the jury that there was no evidence that the plaintiff had stolen the sum of sixty-five dollars mentioned by some of the witnesses. The instruction was undoubtedly correct; for the obvious reason, that there was not the slightest testimony that that money had been stolen at all. If that fact had been proven, then the testimony relied on by the defendant for that purpose, would have had some tendency to fix the theft upon the plain
 
 *412
 
 tiff, but in the absence of such proof, it could not, possibly have
 
 any
 
 effect at all.
 

 2. The instruction prayed for that, if the defendant had sustained his plea of justification on the first and fifth counts, though he had failed to sustain it on the others, yet the jury could assess for the plaintiff only such damages as were proper for one having the character of a thief, was, we think substantially given. The Court told the jury that if the plaintiff was a man of good character, and above reproach in all respects, they were allowed by the law to give exemplary damages ; but if he were not a man of good character, they would not give him so much. This was, in effect, telling the jury that if the defendant had succeeded in proving that the plaintiff was a thief, whereby his character was made bad, he was not entitled to the same measure of damages, as he would be, if his character were above reproach.
 

 3. The third exception is clearly untenable. The fact upon which it was based, is very obscurely stated, but it must be understood that the testimony offered by the plaintiff to show that the defendant continued on friendly terms and intimate relations with him, was after the time when the theft was alleged to have been committed. It would be absurd to suppose that the testimony had reference to the time subsequent to that when the defendant made the charges. Thus understood, the evidence was clearly admissible, to show that the defendant did not then believe that the plaintiff was guilty of what lie afterwards imputed to him, as we can hardly suppose that he would have continued to associate on friendly terms with one whom he suspected to be a thief.
 

 4. The fourth and last exception is also unfounded. When called upon to defend himself against the charge made against him, by the attempt of the defendant to support his plea of justification, the plaintiff is clearly entitled to avail himself of any kind of testimony which would be competent for his defense on a criminal prosecution for the same alleged offense. Among the facts which he may thus prove, is his good character, which he has a right to have submitted to, and consid
 
 *413
 
 ered by the jury, whether the case be upon the other testimony, a d'oubtful one, or not.
 
 State
 
 v.
 
 Henry, 5
 
 Jones’ Rep. 65. In the case of
 
 Kincade
 
 v.
 
 Bradshaw,
 
 8 Hawks’ Rep. 63, and again in
 
 Barfield
 
 v. Britt, 2 Jones’ Rep. 41, it was held that to establish a justification in an action of slander, the same cogency of proof is not necessary as would be required if the plaintiff were on his trial upon a criminal charge for the offense imputed to him by the words. If, then, less proof be required to fix the charge upon him under the defendant’s plea of justification than would be necessary on a criminal prosecution, surely, the- plaintiff ought not to be deprived of the right to use any kind of testimony in the one case, which would be undoubtedly admissible for him in the other.
 

 "We have-thus examined all the alleged errors assigned by the defendant, and as we find that none of them can be sustained, we must direct the judgment to be affirmed.
 

 Pee. CuRiam,. Judgment affirmed.