HOLT *vs.* THE STATE OF GEORGIA.

Where the evidence as to a material fact in a criminal case was conflicting, it was error for the court to charge that "a wilful and intentional introduction of a falsehood into a defense would tend to strengthen a hypothesis of guilt, should such hypothesis exist in the case, springing out of other parts of the testimony." Such a charge did not submit the evidence for the defense and that for the state upon equal terms.

Criminal law.    Charge of Court.    Before Judge HILLYER. Bibb Superior Court.    April Term, 1878.

Reported in the desision.

W. DESSAU ; GEO. F. Pierce, for plaintiff in error, cited Code, §3248 ; 57 *Ga.*, 503 ; 56 *Ib.*, 385, 630 ; 58 *Ib.*, 35*; 3 Graham & Waterman on New Trials, 774 ; 11 Wendell, 83 ; "Reporter," Oct. 16, 1878, p. 504.

R. N: ELY, attorney general ; C. L. BARTLETT, solicitor general, for the state, cited 2 Wheaton, 227 ; 1 Gr. on Ev., §37 ; 1 Kent's Com., 157 ; Wharton's Am. Cr. L., 337–339, 384 ; Roscoe's Cr. Ev., 15, 17 ; Rus. on Crimes, 729, 730, and notes ; 4 Grattan, 541 ; Starkie on Ev., 71, 747 ; Hopkins' Penal Code, 498–499 ; 17 *Ga.*; 194, 209 ; 22 *Ib.*, 84 ; 31 *Ib.*, 469.

WARNER, Chief Justice.

The defendant was indicted for the offense of murder, and on his trial therefor was found guilty. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

The main ground of error insisted on here was the following charge of the court : The court charged the jury, amongst other things, "that a wilful and intentional introduction of a falsehood into a defense, would tend to strengthen a hypothesis of guilt, should such hypothesis exist in the case, springing out of other parts of the testi-

mony. If, for instance, the deceased had no stick, or standard, or other weapon, at a critical part of the transaction, and if the prisoner knew he had nothing of the kind, and yet seeks here on the trial to induce the belief that the deceased did have such weapon, this would tend to support the hypothesis of guilt if it exists in other parts of the evidence. But if deceased did have any such weapon, or if prisoner does not know whether he did or not, or may reasonably believe that he did, or act in good faith in seeking to prove that he did, the prisoner would not be prejudiced by having sought to prove it, though mistaken, or however much mistaken."

It appears from the evidence in the record, that the difficulty occurred between the defendant and deceased after dark, in consequence of deceased driving a wagon against defendant's wagon. There were several persons present and much confusion at the time. Defendant struck deceased with the seat-board of his wagon, which blow caused his death. The defendant's defense was that deceased had in his hand a wagon standard, or a like piece of wood, and attempted to strike the defendant with it. The two witnesses sworn for the state, who were present at the time of the difficulty, stated that they did not see the deceased have a standard in his hand, whereas three witnesses for the defendant swore that they did see him with a standard in his hand, or a piece of wood like it, and the defendant so stated in making his statement to the jury, and it is in view of this *negative* evidence on the part of the state, and the *affirmative* evidence on the part of the defendant, that the charge of the court is complained of, there being no evidence in the record that the defendant had attempted to procure, or manufacture any false testimony in the case, or to induce any witness to swear falsely in his behalf, nor does it appear that any witness did swear falsely. The state's witnesses did not see the wagon standard in the hands of the deceased, the defendant's witnesses did see it, and that is all there is in the record about the defendant

having introduced a falsehood into his defense that we can discover. It is true that after the court raised the issue in its charge to the jury in relation to the defendant's having introduced a falsehood into his defense without there being any evidence to authorize it, the court submitted that issue fairly to the jury, but the error consists in raising that issue at all, and not as to the *manner* in which it was submitted. Why did not the court include the evidence for the prosecution in its charge? Why discriminate against the defendant's evidence to his prejudice in relation to a vital point in his case? The defendant had the same legal right to introduce evidence for his defense, as the state had to introduce evidence for his conviction, and to have had the same considered and passed upon by the jury in the same manner as the evidence for the state, without any disparagement thereof by the court, the more especially when there was no evidence to authorize such disparagement. For the court to discriminate in its charge as to the truth or falsehood of the evidence of either party, is error. 30 *Ga.*, 361. In order that the defendant may be tried in accordance with the laws of the land, we reverse the judgment and order a new trial.

Let the judgment of the court below be reversed.