## FALKNER *vs.* BEHR.

COMPLAINT, FROM BIBB. Recoupment. Evidence. Charge of Court. Onus probandi. Witness. (Before Judge Simmons.)

Jackson, C. J.—1. The evidence was sufficient to support the verdict, and it is not contrary to evidence, law or equity.

2. Where the judge charged repeatedly that, to establish a plea of recoupment on the ground of not keeping true accounts, under a suit for wages by a clerk, the evidence necessary was what was satisfactory to the jury, and explained fully the rule as to the preponderance of evidence in civil cases, thus distinguishing it from the evidence necessary to convict of a crime, there was no error in refusing to charge in the language of a request to the effect that the proof necessary to establish the plea was not such as would be required to convict of a crime; but that it would be sufficient if it were established by the rules of testimony in civil cases.

3. The court also charged, in effect, that if the plea of recoupment was made out, and the amount shown exceeded the proved wages of the plaintiff, the defendant could recover such amount, which is the substance of the other request not given.

4. Every affirmative issue in a case must be proved by positive evidence, and not by neglective evidence. There was no error in charging that where a defendant set up negligence in keeping accounts or appropriation of money on the part of the plaintiff, by way of recoupment, if the plaintiff did not have sole control and management, but the defendant or other employees had management and control of the goods, there must be positive proof of the negligence or misappropriation—the court immediately proceeding to explain his meaning by stating that the burden of establishing the affirmative plea was the same as that resting on the plaintiff while he held the affirmative position in the case, which was to prove his part of the case to the satis-

faction of the jury, and further explaining the rule of preponderence of evidence.

(a)   This case differs from that of Hólt *vs.* the State, 62 Ga., 314, 316.

5.   Where a plea of recoupment charged that the plaintiff was an employee of the defendant, and had not kept true accounts and had misappropriated funds, the general character of the plaintiff was in issue, and he had the right to sustain it.

Judgment affirmed.

W. Dessau; Hill & Harris, for plaintiff in error.

Hardeman & Davis; L. N. Whittle, for defendant.