Falkner vs. Behr.

FALKNER vs. BEHR.

1. The evidence was sufficient to support the verdict, and it is not contrary to evidence, law or equity.
2. Where the judge charged repeatedly that, to establish a plea of recoupment on the ground of not keeping true accounts, under a suit for wages by a clerk, the evidence necessary was what was satisfactory to the jury, and explained fully the rule as to the preponderance of evidence in civil cases, thus distinguishing it from the evidence necessary to convict of a crime, there was no error in refusing to charge, in the language of a request, to the effect that the proof necessary to establish the plea was not such as would be required to convict of a crime; but that it would be sufficient, if it were established by the rules of testimony in civil cases.

3. The court also charged, in effect, that if the plea of recoupment was made out, and the amount shown exceeded the proved wages of the plaintiff, the defendant could recover such amount, which is the substance of the other request not given.

4. There was no error in charging that, where a defendant set up negligence in keeping accounts or appropriation of money on the part of the plaintiff, by way of recoupment, if the plaintiff did not have sole control and management, but the defendant or other employés had management and control of the goods, there must be positive proof of the negligence or misappropriation,—the court immediately proceeding to explain his meaning by stating that the burden of establishing the affirmative plea was the same as that resting on the plaintiff while he held the affirmative position in the case, which was to prove his part of the case to the satisfaction of the jury, and further explaining the rule of preponderance of evidence.

(*a.*) This case differs from that of *Holt vs. The State*, 62 *Ga.*, 314, 316.

5. Where a plea of recoupment charged that the plaintiff was an employé of the defendant, and had not kept true accounts, and had misappropriated funds, the general character of the plaintiff was in issue, and he had the right to sustain it.

December 1, 1885.

Recoupment. Evidence. Charge of Court. *Onus Probandi.* Witness. Before Judge SIMMONS. Bibb Superior Court. October Adjourned Term, 1884.

To the report contained in the decision, it is necessary to add only the following: The defendant pleaded a recoupment for $994.28 for failure of the plaintiff to discharge the duties for which he was employed, viz., to keep an accurate and complete account, in the manner usually employed by merchants, of all money paid him during his service on account of sales made to the defendant's customers, and that, from January 26, 1883, to May 1, 1883, the plaintiff appropriated to his own use $994.28, which he collected and should have turned over to the plaintiff.

In explanation of the fifth division of the decision, it may be stated that the court permitted the plaintiff, over objection of the defendant, to prove by a witness his general good character.

W. Dessau; Hill & Harris, for plaintiff in error.

L. N. Whittle ; Hardeman & Davis, for defendant.

Jackson, Chief Justice.

Behr sued Falkner for wages as clerk. Falkner pleaded, by way of recoupment, damages to himself by his clerk amounting to more than his wages. This made the issue between them, and under the court's charge the jury found for Behr the full amount of his wages, and against the plea of recoupment. Thereupon, on the denial of a new trial, Falkner brought the case here.

1. The evidence is sufficient to support the verdict, and it is not contrary to evidence, law, equity, etc.

2. The court declined to charge the jury as follows: " The defendant files a plea of recoupment in which he says that Behr is indebted to him, because, he says, Behr failed to keep true accounts of stock sold and money received and to turn over to him the money so received. It is not necessary that the proof to establish the plea should be such as would be required to convict Behr of a criminal charge. It is sufficient if it be established by the ordinary rules of testimony in civil cases." The court gave the substance of this charge to the jury, by telling them repeatedly that the evidence necessary on the issue was what was satisfactory to the jury, and explaining fully the rule as to preponderating evidence in civil cases, thus distinguishing it from the evidence to convict for crime, which must satisfy their minds beyond a reasonable doubt. This court has often decided that the charge need not be in the language requested. It is enough if the general charge gives it in substance.

3. The court also, in effect, charged the jury that, if the plea to recoup was made out and exceeded the plaintiff's proved wages, the defendant could recover whatever it amounted to, which is the substance of the other request not given.

v 75-43

4. The next ground is that the court charged as follows: "If, on the other hand, you find that Behr did not have sole control and management, and that Falkner shared it with him, or other clerks or employés had management and control of the goods, then I charge you he must make positive proof of Mr. Behr's negligence or appropriating to himself; and whatever amount that is, Mr. Falkner would be entitled to recover out of Behr;" the court having charged the jury in reference to the plaintiff's case, he must make it out to the satisfaction of the jury.

It is urged before us that the court erred in using the words "positive proof," counsel insisting that the word "positive" antagonizes circumstantial evidence, and that thus the court excluded that class of evidence. The legal, opposing sort of evidence to "positive" is negative evidence. Every affirmative issue must be proved by positive evidence. None can be established by negative evidence. Whoever holds the affirmative of the issue must establish it by positive proof. The defendant below, the plaintiff in error here, held the affirmative of this plea, and on him was the burden to establish it by affirmative or positive proof. The word "positive" was used by the court as equivalent to "affirmative."

But the preceding and subsequent clauses of the charge showed beyond cavil what the court meant, and that no burden was put on the defendant, Falkner, other than on the plaintiff, Behr, when he held the affirmative of the issue; and to show that it is only necessary to give the clause of the charge immediately following that complained of, which is as follows, "In other words, it is incumbent on Falkner to prove his part of the case like it is on the plaintiff to prove his, and he must prove it to the satisfaction of the jury," which is precisely as the court had charged in respect to the plaintiff's proof of his claim against defendant.

And as the clause succeeding the last cited shows how perfectly fair and impartial the charge is, I subjoin it:

" In all civil cases, where the evidence is conflicting, the jury must reconcile it if they can, and if they cannot, the preponderance of the evidence on one side or the other would be sufficient to authorize a finding in favor of the way it does preponderate.  I do not mean by that the number of witnesses, but the jury must give credit where they think it is best entitled, where the evidence is conflicting, and wherever you believe the evidence preponderates, give it to that side."

The only different verbiage used by the court when treating the affirmative held by the plaintiff is that it uses the words " proper evidence to the satisfaction of the jury," while, in treating the defendant's affirmation, he uses the word " positive " in lieu of " proper ;" and the very next sentence that fell from the judge's lips, where he repeats, " in other words," the matter just charged, obliterates all distinction between them, if any ever existed.

Counsel cited a case, which they pressed upon us as showing that such damage was done here as this obliteration could not blot out, but in the case cited, *Holt vs. The State*, 62 *Ga.*, 314, it will be seen that the court below brought into the case an issue not in it at all on facts, not one of which was in evidence ; and the error was there. Judge Warner says, page 316 : " It is true that, after the court raised the issue in its charge to the jury in relation to defendant's having introduced a falsehood into his defence, without there being any evidence to authorize it, the court submitted that issue fairly to the jury, but the error consists in raising that issue at all, and not as to the manner in which it was submitted."   There is a wide distinction between that case and this.   Here the court was charging upon evidence; there, without any evidence at all, on a false issue founded on nothing.   Here the judge shows by the use of " other words," the meaning of the words just before used on an issue founded on facts and the main issue on the case.   This court has never held, and can never hold, that a judge may not explain one

sentence by the next in a charge on a live issue by adding, " I mean so and so by what I have said," or " in other words," or any equivalent language.

5. The general character of the plaintiff was properly brought in issue by himself in the evidence, because it was involved in the charge against the plaintiff below, as ruled at the present term in the case of *Dubose vs. Dubose*, libel for divorce.    The point, however, was not pressed in this case before us.

Judgment affirmed.