## THE STATE v. JAMISON.

1. **Embezzlement**: INDICTMENT: NATURE OF EMPLOYMENT. The indictment in this case was found under section 3909 of the Code, which reads as follows : " If any officer, agent, clerk or servant of any incorporated company, or if any clerk, agent or servant of a copartnership, or if any person over sixteen years of age, embezzle and fraudulently convert to his own use, without the consent of his employer or master, any property of another which has come into his possession by virtue of such employment, he is guilty of larceny, and shall be punished accordingly." *Held* that it was not necessary to allege the particular nature or character of defendant's employment, but that it would have been sufficient to allege generally that he was in the employment of the person named, as clerk, agent or servant. And if, having alleged in the indictment that defendant's employment was of a special character, the prosecution was bound to aver that the money came into his hands by virtue of such special employment, *held* that the indictment (for which see opinion) was not deficient in that regard.

2. ——— : ——— : CHARGE OF FRAUDULENTLY CONVERTING. In such case, where the indictment charged that defendant " fraudulently embezzled and converted to his own use ". the money, *held* that it was not open to the objection that it did not charge that defendant fraudulently converted the money.

*Appeal from Shelby District Court.*—HON. H. E. DEEMER, Judge.

FILED, JUNE 5, 1888. .

THE defendant was convicted of the crime of larceny and sentenced to a term of imprisonment in the penitentiary, and he appeals.

The State v. Jamison.

*Robert P. Foss*, for appellant.

*A. J. Baker*, Attorney General, for the State.

REED, J.—The indictment, omitting its merely formal parts, is in the following language: "The said R. M. Jamison * * * was· then and there the agent and employe of one David H. Randall for the purpose of obtaining a loan of money for said David H. Randall, and then and there the said R. M. Jamison, by virtue of his employment as agent and employe of the said David H. Randall, did have, receive, and take into his possession the sum, in money, of three hundred dollars, of the value of three hundred dollars, and of the money and property of the said David H. Randall, the said principal and employer of the said R. M. Jamison aforesaid; and then and there the said R. M. Jamison, without the consent of the said David H. Randall, his principal and employer, as aforesaid, did wilfully, unlawfully, feloniously, and fraudulently embezzle and convert to his own use said sum of three hundred dollars, aforesaid." Two objections to the sufficiency of the indictment were raised by demurrer, and by motion in arrest of judgment, viz.: (1) That it is not distinctly averred therein that the money which defendant is charged with having converted came into his possession by virtue of the special employment alleged, viz., the employment to obtain for Randall a loan of money; and (2) that it is not averred that defendant fraudulently converted said money. We think neither of these objections is well founded. The statute defining the offense is as follows: "If any officer, agent, clerk or servant of any incorporated company, or if any clerk, agent or servant of a copartnership, or if any person over the age of sixteen years, embezzle and fraudulently convert to his own use, without the consent of his employer or master, any money or property of another which has come into his possession by virtue of such employment,

<span style="float:left">1. EMBEZZLE-MENT: indict-ment: nature of employ-ment.</span>

he is guilty of larceny, and shall be punished accordingly." Under this provision, it was not necessary to allege the particular nature or character of the employment; but it would have been sufficient to aver generally that defendant was in the employ of Randall as clerk, agent or servant, without specifying the particular object or business of the employment. The words "such employment," in the latter part of the section (Code, sec. 3909), relate to the general character of the employment, rather than to the particular business in which the accused was engaged when he received the money or property into his possession. But if it should be conceded that, as the prosecution had averred in the indictment that defendant's agency was of a special character, it was bound to aver that the money came into defendant's possession by virtue of that particular employment, we are of the opinion that the point is sufficiently covered by the averments of the indictment. It is alleged that defendant received the money into his possession by virtue of his appointment, and that it belonged to Randall, "his principal and employer aforesaid." This language is a direct reference to the special employment alleged in the former part of the indictment. Perhaps the reference is not as certain or specific as it could have been made; but, very clearly, it is sufficient "to enable a person of common understanding to know what is intended" ; and that is all that is required under the statute. See Code, sec. 4296, subd. 2.

The adverb "fraudulently," as used in the indictment, qualifies the words "embezzled and converted," immediately following it. They are each 2. ——:——: descriptive of the act done, and are synony- charge of fraudulently converting. mous, while it is descriptive of the motive with which it was done.

These considerations dispose of the questions chiefly relied on by counsel for a reversal of the judgment. The instructions to the jury appear to us to be correct, and the verdict finds sufficient support in the evidence ; and the judgment will therefore be

AFFIRMED.