Rockingham,
Dec., 1898.

## BAILEY v. BALLOU.

A conveyance without consideration, made more than three months before the grantor's insolvency and when his assets were barely equal to his indebtedness, is fraudulent in fact as to creditors, and may be avoided by his assignee.

BILL IN EQUITY, by the assignee of Ballou & Page, to set aside deeds purporting to convey a homestead from Ballou to the defendant, his wife, through a third person. Facts found by the court.

The deeds were without consideration, and were executed and delivered to the defendant on July 29, 1895, at which time Ballou's assets and the assets of the firm, aside from the homestead, were of a value barely equal to the amount of his and the firm's indebtedness. In making the deeds, Ballou had no intention to hinder or delay his own or the firm's creditors in the collection of their claims, but supposed that he and the firm had ample means to pay their creditors in full. The firm subsequently made losses and became embarrassed. On May 11, 1896, they made an assignment to the probate court, and the plaintiff was appointed assignee. The firm and individual estate will each pay about fifty cents on the dollar of their respective indebtedness. A substantial part of the indebtedness outstanding at the date of the assignment existed July 29, 1895. Subject to the defendant's exception, a decree was made setting aside the deeds. The defendant moves to set aside the decree.

*Andrews & Andrews* and *Leach & Stevens*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendant.

PIKE, J. The law respecting insolvent debtors provides that " all . . . sales and transfers, whenever made, if fraudulent as to creditors, shall be void; and the assignee may recover . . . any property so . . . sold or transferred." P. S., c. 201, s. 26. The phrase, "if fraudulent as to creditors," has been construed to mean such sales or transfers as are frauds in fact, but not constructive frauds, or frauds by intendment of law. " Gifts or conveyances without valuable consideration are not mere constructive frauds, or frauds by intendment of law. They are, as against creditors, fraudulent in fact." *Thompson* v. *Esty, ante, p.* 55. See, also, *Coleman* v. *Burr*, 93 N. Y. 17, 31; *Roberts* v. *Victor*, 130 N. Y. 585, 600; *Smith* v. *Reid*, 134 N. Y. 568, 575.

The conveyance which Ballou made to his wife was without valuable consideration, was made at a time when "his assets" and "the assets of the firm" remaining after the conveyance "were of a value barely equal to the amount of his and the firm's indebtedness" (*Gove* v. *Campbell*, 62 N. H. 401, 403), and was "fraudulent in fact" as against his creditors. *Thompson* v. *Esty, supra.*

*Exception overruled.*

CHASE, J., did not sit: the others concurred.