## EL PUEBLO *v.* CALDERÓN.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 426.—Resuelto en junio 24, 1912.

DERECHO PENAL—ABUSO DE CONFIANZA—PRUEBA CONTRADICTORIA.—En los casos de prueba contradictoria, la apreciación que de la misma hace el tribunal sentenciador debe ser aceptada por este tribunal cuando no se demuestre que ha existido pasión, prejuicio o parcialidad, ni se ha cometido manifiesto error.

ID.—ABUSO DE CONFIANZA—ELEMENTOS DEL DELITO.—Para que se entienda perpetrado el delito de abuso de confianza, se necesita comprobar la existencia de los siguientes elementos: 1. Una propiedad determinada, materia del delito; 2. Que tal propiedad se confió a otra persona en alguna de las formas especificadas en los artículos 446 al 450 del Código Penal; y 3. Que esa otra persona se apropió de ella fraudulentamente.

ID.—INTENCIÓN FRAUDULENTA.—El que recibe una montura prestada con la condición de devolverla al día siguiente y en lugar de hacerlo así la vende apropiándose su importe, demuestra la intención fraudulenta que tuvo al realizar ese acto.

ID.—VALOR DE LOS BIENES APROPIADOS—DEFECTO FUNDAMENTAL.—Aunque la de-
nuncia en este caso es defectuosa por no haberse consignado en ella el valor
de los bienes materia del delito, sin embargo, como el caso fué tramitado
desde el primer momento como *misdemeanor,* como el valor de los expresados
bienes quedó claramente establecido en juicio como inferior a cincuenta pesos,
y como no se ha demostrado que el acusado sufriera el más leve perjuicio, tal
defecto no puede estimarse como fundamental y servir de base en la apela-
ción para la revocación de la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Adrián Agosto.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

La denuncia en este caso, jurada ante el juez de paz de
Toa Alta el 27 de octubre de 1911, en lo pertinente, dice así:

"Que en el día 15 de octubre de 1911 a las 11 a. m. y en el barrio
Galeteos del distrito judicial del juzgado de paz de Toa Alta, com-
prendido en el Distrito Judicial Municipal de Bayamón, el citado acu-
sado (Elías Calderón), voluntaria, maliciosa y criminalmente y con
intención fraudulenta, dispuso de una montura compuesta de freno,
sudadero y silla, que le prestara para trasladarse de mi casa a este
pueblo."

En el acto del juicio oral, celebrado ante la corte del dis-
trito el 26 de diciembre de 1911, declararon, por la acusación,
1. Norberto Rosado, el denunciante, quien, entre otras, hizo
las siguientes manifestaciones: "que el acusado llegó a su
casa y le dijo: 'me presta la silla y el freno y el sudadero
para ir al pueblo y por la mañana te la devuelvo' y todavía no
se la ha devuelto cuando este juicio se celebró en Toa Alta; que
el acusado le pidió prestado y se quedó con el sudadero, el
freno y la silla; que hicieron un arreglo y entonces el acusado
le dijo: 'te lo voy a pagar en dinero'; que eso se lo dijo el día
16 de este mes y que le pagó." 2. Eusebio Rodríguez, quien
en lo pertinente se expresó así: "que el acusado le dijo a
Noberto en esta forma, 'préstame la silla, el freno y el suda-
dero que yo te lo devuelvo por la mañana,' que no sabe si Nor-
berto recuperó la silla y el sudadero"; y 3. Pablo Pérez,
quien dijo: "que el acusado fué por la tarde y le dijo a Nor-

berto: mira a ver si me puedes prestar la silla, el freno y el sudadero para ir al pueblo y yo por la mañana te lo devolveré." Por la defensa sólo declaró el propio acusado. Su declaración fué como sigue: "Que lo que pasó con la silla y el sudadero fué que él llegó a la casa de Norberto y le compró una yegua en la cantidad de $27, y como se la compró sin avíos venía para el pueblo y como estaba lloviendo le dijo a Norberto: 'esa silla me la vendes' y él le dijo: 'no la quiero vender, pero si me das lo que pido por ella te la vendo'; que Norberto le dijo que se la vendía en $5 con todo y el freno; que se la llevó bajo condición de que si le convenía le daría los cinco pesos; que él se llevó la silla y la vendió y le mandó razón a Noberto para que viniera a buscar el importe de la silla, y el mismo día lo había denunciado, pero esto no obstante, él le pagó la silla."

Con la denuncia y las pruebas referidas como base, el juez de distrito declaró culpable a Elías Calderón del delito de abuso de confianza y le impuso la pena de dos meses de cárcel y las costas. Contra esa sentencia, dictada el 26 de diciembre de 1911, se interpuso el presente recurso de apelación.

El apelante alega que lo único demostrado por la prueba es la existencia de un préstamo a uso (comodato), y el Fiscal sostiene que la prueba demuestra la existencia de un verdadero delito de abuso de confianza.

La prueba es contradictoria. Los testigos de la acusación tienden a establecer que los objetos a que se refiere la denuncia fueron entregados al acusado para que los devolviera al día siguiente y que el acusado jamás los devolvió, entregando su precio al perjudicado después que había sido por éste denunciado. El de la defensa tiende a establecer que los objetos fueron vendidos por el denunciante al acusado y que éste indicó a aquél que tenía a su disposición el precio, y se lo pagó finalmente. La corte sentenciadora resolvió el conflicto en favor de los testigos de la acusación, y su apreciación debe ser aceptada por nosotros como la justa y procedente, dadas las

circunstancias del caso y de acuerdo con la jurisprudencia repetidamente aplicada por este tribunal.

El delito de abuso de confianza (*embezzlement*), está previsto y castigado en el Capítulo VI del Tít. XVII de nuestro Código Penal, artículos 445 al 455. Es un crimen contra la propiedad y el legislador lo hace consistir, en general, en la fraudulenta sustracción o malversación (*appropriation*) de bienes (*property*), por una persona a quien habían sido confiados (*entrusted*).

No se trata, pues, del apoderamiento de la propiedad ajena sin consentimiento, ni conocimiento del dueño, o por medio de la violencia, o a virtud de falsas y fraudulentas simulaciones. La propiedad en este caso se entrega con conocimiento y consentimiento del dueño, o de su legítimo representante, a otra persona en cuya honradez se confía, y esta otra persona, abusando de la confianza que en ella se deposita, fraudulentamente toma para sí la propiedad.

El Tribunal Supremo de los Estados Unidos, en el caso de *Moore* v. *United States,* 160 U. S., 268, dijo: ''Abuso de confianza es la fraudulenta apropiación de bienes por una persona a quien habían sido confiados, o en cuyas manos estaban legalmente. Se diferencia del hurto en el hecho de que la posesión original de los bienes era legal, o con el consentimiento del dueño, mientras que en el hurto, debió existir la intención criminal desde el momento de la sustracción de los bienes.''

Para que se entienda perpetrado el delito de abuso de confianza, se necesita comprobar la existencia de los siguientes elementos: 1. Una propiedad determinada, materia del delito; 2. Que tal propiedad se confió a otra persona en alguna de las formas especificadas en los artículos 446 al 450 del Código Penal, y 3. Que esa otra persona se apropió de ella fraudulentamente.

La existencia del primer elemento está plenamente demostrada en este caso. La materia del delito la constituye la montura a que se refieren la acusación y las pruebas, consistente en silla, freno y sudadero.

También lo está la del segundo. "Confiar" es "entregar en confianza," "poner bajo el cuidado de otra persona," depositar en otro "confiando en su fidelidad." (*Smith* v. *Marden,* 60 N. H., 509, 510. 4 Words and Phrases, 3746.) Y en el presente caso Norberto Rosado, dueño de la montura, la entregó al acusado para que la usara y se la devolviera al día siguiente, y si así lo hizo, fué porque confió en él; porque creyó en su fidelidad. El acusado puede considerarse propiamente como un depositario (*bailee*) y el acto por él realizado cae dentro de las prescripciones del artículo 449 en relación con el 445 ambos del Código Penal, si podemos concluir que la existencia del tercer elemento se encuentra también comprobada.

"Un amo puede entregar bienes a su sirviente bajo tales circunstancias que den al sirviente la posesión y no meramente la custodia, como cuando le presta un caballo u otra propiedad para usarla en su propio negocio; y en tal caso si el sirviente fraudulentamente se adueña de la propiedad, es culpable, no de hurto, sino de abuso de confianza, como cualquier otro depositario (*bailee*)." (Clark and Marshall. The Law of Crimes, p. 508.)

Investiguemos la existencia del tercer elemento. ¿Actuó fraudulentamente el acusado?

La palabra *"fraudulentamente,"* tal como se usa en una acusación alegando que el acusado fraudulentamente se apoderó (*embezzle*) y convirtió en su propia utilidad una cierta suma de dinero, cualifica las palabras *apoderó* (*embezzled*) y *convirtió,* y es indicativa del motivo por el cual se realizó el acto. (*State* v. *Jamison,* 38 N. W., 508, 509; 74 Iowa, 602; 3 Words and Phrases, 2956.)

En el presente caso se demostró que el acusado pidió prestada la montura para devolverla al día siguiente, y que el dueño de la propiedad tuvo en él confianza y se la prestó en efecto. La obligación del acusado era devolver la propiedad a su dueño, y ¿qué hizo? El mismo declaró que la había vendido, esto es, que la había convertido en su propia utilidad. El no tenía autoridad alguna para hacerlo; él no podía

verificarlo sin violar su promesa, y cuando trató de explicar el acto·por él realizado alegó un hecho, el de la compra, contrario a la verdad según ha sido establecida por la prueba del Fiscal a la que, como hemos dicho, dió entero crédito. el tribunal sentenciador. La propiedad era de otra persona y al venderla y al apropiarse su importe, el acusado cometió un acto delictivo previsto y castigado en nuestro Código Penal. Su intención fraudulenta puede presumirse por la manera y deliberación con que realizó el acto ilegal con el propósito de perjudicar a otro. (Art. 12 del Código Penal.)

En un alegato adicional presentado por el abogado del acusado, se sostiene que no especificándose en la denuncia el valor de la montura, tanto la corte municipal que conoció originalmente de la causa, como la corte de distrito que actuó en grado de apelación, procedieron sin jurisdicción, y se citan en apoyo de tal teoría las decisiones de esta Corte Suprema en *El Pueblo v. Alomar,* 10 D.. P. R., 297, y *El Pueblo v. Alfonso,* 14 D. P. R., 799.

Hemos examinado cuidadosamente ambos casos, y si bien se refieren a delitos de abuso de confianza y establecen, de acuerdo con la ley, que la cuantía de la propiedad materia del delito, es determinante de la calificación del mismo como *felony* o *misdemeanor,* no resuelven la cuestión concreta que aquí se ha suscitado.

En la denuncia se expresaron con toda claridad cuáles fueron los bienes que se entregaron al acusado y se alegó que el acusado voluntaria, maliciosa y criminalmente y con intención fraudulenta dispuso de ellos. El acusado fué notificado con toda precisión del cargo que se le imputaba. Los términos de la denuncia no podían inducirle a error y eran bastantes para que pudiera preparar su defensa.

Una silla de montar, un sudadero y un freno, son objetos que pueden valer más o menos, pero que tienen siempre algún valor. No aparece que el acusado excepcionara la denuncia en las cortes inferiores, y en el acto del juicio él mismo declaró que Norberto le había dicho que le *vendía* la silla con todo en

*cinco* pesos; que él se la llevó bajo condición de que, si le convenía, le daría los cinco pesos; que la vendió, y que finalmente entregó su importe a Norberto.

Fijar el importe, era esencial para determinar si el hecho imputado al acusado constituía un *misdemeanor* o un *felony,* y en realidad de verdad, la denuncia hubiera estado más completa si se hubiera consignado en ella el valor de la montura.

Pero es lo cierto que este caso fué tramitado desde el primer momento como un *misdemeanor;* que se formuló denuncia y no acusación; que conoció originalmente la corte municipal y luego en apelación la de distrito; que el valor de los bienes materia del delito quedó claramente fijado por la prueba en cantidad inferior a cincuenta pesos; que la pena impuesta al acusado está dentro de los límites señalados para los casos de delitos menos graves; que no se ha demostrado que el acusado sufriera el más leve perjuicio por haberse dejado de consignar el valor de los bienes, y que en tal virtud el defecto que pudiera existir en la denuncia no puede estimarse como fundamental y servir de base para la revocación de la sentencia.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y Aldrey.

Juez disidente: Sr. Wolf.

VOTO PARTICULAR DEL JUEZ ASOCIADO SR. WOLF.

En este caso se presentó prueba de otras negociaciones que tuvieron lugar entre el acusado y el denunciante. También hubo prueba de haber vendido un caballo el denunciante a Calderón. Es cierto que el denunciante declaró que Calderón tomó prestada una silla de caballo y otros objetos y que fué acusado por habérselos apropiado, pero la prueba es algo indeterminada. Examinando el caso bajo todos sus aspectos

no puede excluirse la suposición de que Calderón hubiera creído que él también tenía derecho a quedarse con la silla de montar y pagarla después.   A mi juicio no ha quedado satisfactoriamente establecida la intención del acusado de apropiarse y dedicar a su propio uso dicha silla sin recompensar de algún modo al denunciante.   Y no habiéndose probado la intención criminal fuera de duda razonable, el acusado no debió haber sido declarado culpable.   Algunos de los casos que se relacionan con esta cuestión son los siguientes: *McElroy* v. *The People,* 202 Ill., 478-479; *State* v. *Marco,* 32 Oregon, 177; *State* v. *Littschke,* 27 Oregon, 193.

No habiendo sido probada satisfactoriamente la intención del acusado en este caso, me veo obligado a disentir de la opinión de la mayoría.