[No. 8540.]

## DeWeese v. The People.

1. EVIDENCE—*Circumstantial Evidence,* produced in a civil action, to establish an act which is in law a crime, or involves a fraudulent intent, or moral turpitude, entitles the one so accused to show his general reputation for honesty and integrity. (143.)

2. MUNICIPAL ORDINANCE—*Prosecution for Violation,* is a civil action, but *quasi* criminal. (143.)

3. —— *Evidence.* Where the ordinance imposes a penalty, only in case the offense is fraudulently committed, the fraudulent purpose of the accused is of the gist of the accusation and must be proven.

The charge being, the fraudulent sale of tainted meat, the fact that the purchaser selected the meat and thought it "all right," is no defense. (145.)

4. —— *Complaint—Amendment.* The complaint of the city may be amended. (145.)

*Error to Boulder County Court.* Hon. E. J. INGRAM, Judge.

Messrs. RINN & ARCHIBALD, for plaintiff in error.

Mr. H. E. ROWLAND, for defendant in error.

HILL, J., delivered the opinion of the court.

The plaintiff in error, hereafter called the defendant, was convicted of the violation of an ordinance of the City

of Boulder which provides that no person shall, in said city, fraudulently sell, or offer for sale, any spoiled, diseased, or unwholesome provisions. The sale in question was made by a clerk between six and seven o'clock on Saturday evening. The provision sold was a piece of pork. It was lying on the counter; was selected by the purchaser, who took it home, and, according to his testimony, did not return it until between eight and nine o'clock on Monday following. The defendant testified that it was not returned until about eleven o'clock on Monday. The evidence was conflicting as to whether the meat was spoiled or unwholesome when the sale was made, and if so whether the defendant knew, or should have known it, etc., so as to have attached to the sale the stigma of a fraudulent sale, which the ordinance prohibits. A great deal of circumstantial evidence, including other sales at other times, was offered by the city, to establish the latter contention.

In addition to his other testimony, the defendant offered witnesses to establish his character for honesty, fair dealing, etc., claiming it was relevant as tending to show that he would not knowingly permit such an act to be done. This testimony was rejected. There is a conflict of authority upon this question. In ordinary civil actions the general rule is that such testimony is incompetent and immaterial. Vol. 1, Jones on Law of Evidence, Sec. 147; Vol 4, Modern Law of Evidence, Sec. 3273.

Many cases hold that even where fraud is alleged the same rule applies. *Morris v. Hazelwood,* 1 Bush (Ky.) 208; *Potter v. Webb,* 6 Greenl. (Me.) 14; *Fowler v. Aetna Ins. Co.,* 6 Cow. (N. Y.) 673, 16 Am. Dec. 460; *Schmidt v. New York Ins. Co.,* 1 Gray (Mass.) 529; *Goudy v. St. John,* 16 Wend. (N. Y.) 646; *Dudley v. McCluer,* 65 Mo. 241, 27 Am. Rep. 273; *Barton v. Thompson,* 56 Iowa 571, 9 N. W. 899, 41 Am. Rep. 119; *Gebhart v. Burkett,* 57 Ind. 378, 26 Am. Rep. 61; *Porter v. Seiler,* 23 Pa. 424, 62 Am. Dec. 341;

*Wright v. McKee,* 37 Vt. 161; *Church v. Drummond,* 7 Ind. 17.

Others are to the effect that where a fraudulent intention is material, or where the allegations, if true, include the commission of a crime, or involve moral turpitude, and where circumstantial evidence is introduced to establish the intent, etc., that the one thus charged has the right to introduce testimony as to his reputation for honesty, fair dealing, etc., as evidence tending to establish that he would not commit such an act. *Ruan v. Perry,* 3 Caines (N. Y.) 120; *Townsend v. Graves,* 3 Paige (N. Y.) 453; *Henry v. Brown,* 2 Heisk. (Tenn.) 213; *Werts v. Spearman,* 22 S. C. 200; *McNabb v. Lockhart & Thomas,* 18 Ga. 495; *Continental Nat. Bank v. First Natl. Bank,* 108 Tenn. 374, 68 S. W. 497; *Evans v. Evans,* 93 Ky. 510, 20 S. W. 605; *Houston Electric Co. v. Faroux,* 59 Tex. Civ. App. 232, 125 S. W. 922; *Fire Ass'n of Philadelphia v. Jones,* (Tex. Civ. App.) 40 S. W. 44; *Largent v. Beard* (Tex. Civ. App.) 53 S. W. 90; *Word v. Houston Oil Co.* (Tex. Civ. App.) 144 S. W. 334; *Cudlipp v. Cummings Export Co.* (Tex. Civ. App.) 149 S. W. 444; *Allison v. McClun,* 40 Kan. 525, 20 Pac. 125; *Falkner v. Behr,* 75 Ga. 671; *Hein v. Holdridge,* 78 Minn. 468, 81 N. W. 522; *Schuek v. Hagar,* 24 Minn. 339; *Burton v. March,* 51 N. C. 409; I Greenleaf on Evidence (15th Ed.) §54.

It is claimed that the case of *Ruan v. Perry,* 3 Caines (N. Y.) 120, above cited was overruled in *Gough v. St. John,* 16 Wendell (N. Y.) 646. If such be the case the New York court has again reversed itself, and gone back to its earlier declaration, for in *Bowerman v. Bowerman,* 27 N. Y. Sup. 579, (which was an action to set aside a deed made by plaintiff to a decedent on the ground that plaintiff was induced to execute it by the fraud of the decedent) evidence of the decedent's reputation for honesty, integrity, etc., during his lifetime was held properly admissible. This opinion was

approved by the Court of Appeals of New York in *Bower-man v. Bowerman,* 145 N. Y. App. 598, 40 N. E. 163; it appears to be the latest declaration in that state upon the subject, which again places it in harmony with the ruling in the other late cases hereinbefore last cited.

We think the cases last cited upon this question, and which are the more recent ones, present the better reason, and while, as stated there is a conflict of authority concerning it, when the cases are carefully considered, it will be found that in the most of them the dividing line is where circumstantial evidence is offered as tending to establish the fact alleged wherein it involves a fraudulent intent, or where the same act is a crime or discloses moral turpitude. In all such the great weight of authority, in our opinion, recognizes the materiality of character evidence and we have been unable to find any late case which holds to the contrary.

We are of the opinion that under the circumstances of this case, it was prejudicial error to reject this testimony. While it is true that under former decisions of this court this is held to be a civil action, yet as stated by Mr. Justice Steele in *Noland v. The People,* 33 Colo. 322, 324, 80 Pac. 887, 888, "It is, nevertheless, *quasi* criminal. The complaint filed is in the form of an information; the issue tried is guilty or not guilty; and we are of the opinion that the sufficiency of the defendant's plea in bar should be determined by the rule applicable to criminal cases rather than by the doctrine of *res judicata,* as applied to cases strictly civil."

This action is under an ordinance of the same city; it is likewise *quasi* criminal. The complaint charged the defendant with the violation of an ordinance which prohibited the fraudulent sale of diseased, spoiled or unwholesome meat. The same act constitutes a crime under the state law. In a sense the ordinance is also a law within the city. In *Swift & Co. v. Fue,* 66 Ill. App. 655, the court says: "An ordinance

is a law within the territory over which it is in force."
When the effect, which this record discloses sometimes fol-
lows the eating of diseased, spoiled or unwholesome pork,
is considered, we have no hesitancy in holding that its sale
with knowledge that it is in any of these conditions, involves
moral turpitude, for which reasons the character evidence
comes within all of the rules included in the cases above
cited.

In view of a new trial, it is proper to state that we can-
not agree with the city that the mere sale of the meat, if
spoiled, shows a fraudulent intent, or that because there is
an implied warranty when sold that it is wholesome, that
this makes it a fraudulent sale within the meaning of the
ordinance when found to be otherwise. This rule (if cor-
rect) might become material in a civil action between the
buyer and the seller, but is not applicable when the seller
is being prosecuted by the city for a violation of its ordin-
ance. To accept the city's contention would be to ignore
the word "fraudulently"; this should not be done. As used
in this ordinance, it has a well defined meaning and effect
should be given it accordingly. *Worsham v. Murchison*, 66
Ga. 715; *Bank of Montreal v. Thayer*, (C. C.) 7 Fed. 622;
*Garst v. Hall & Lyon Co.*, 179 Mass. 588, 61 N. E. 219, 55
L. R. A. 631; *State v. Jamison*, 74 Iowa 602, 38 N. W. 508;
*Bailey v. Ballou*, 69 N. H. 414, 44 Atl. 114; *Finlay v. Brey-
son*, 84 Mo. 664; 20 Cyc. p. 12.

We cannot agree with the defendant that because the
purchaser selected the meat and thought at the time that it
was good and had not been deceived, if this is correct as
defendant claims, that this would constitute a defense. The
purchaser testified that he selected the meat; that he picked
it up and thought it was all right until he got home, when
his wife told him different. The issue is whether the defend-
ant violated the city ordinance and not to test the rights and
liabilities of buyer and seller. If the defendant violated the

ordinance, he is subject to conviction, regardless of what the purchaser may have thought about it at the time of the sale.

We find no prejudicial error in allowing the city to amend its complaint in the manner permitted. *Saner et al. v. The People*, 17 Colo. App. 307, 69 Pac. 76. Other alleged errors pertaining to instructions and the admission and rejection of testimony have not been considered.

The judgment is reversed.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE TELLER, concur.