EL PUEBLO DE PUERTO RICO, demandante apelado, *v.* ISIDRO RODRÍGUEZ, acusado y apelante.

No. 3493.—*Visto:* Junio 28, 1928. *Resuelto:* Julio 28, 1928.

*Angel Arroyo Rivera,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La acusación, base de esta causa, en lo pertinente, dice:

"El referido acusado Isidro Rodríguez, allá por el mes de abril de 1927, y en San Juan, P. R., que forma parte del distrito judicial del mismo nombre, y en ocasión de actuar como mensajero de la corporación Aboy, Vidal y Compañía, Inc., siendo sus deberes como tal mensajero entre otros, el de tener bajo su posesión los distintos dineros recibidos por dicha Corporación con obligación de recibir dichos dineros y entregarlos a la corporación Aboy Vidal y Compañía, Inc., de una manera ilegal, voluntaria, maliciosa y fraudulentamente, se apropió para su beneficio y en perjuicio de la corporación Aboy Vidal y Compañía, Inc., de la suma de seiscientos cincuenta dólares, moneda legal de los Estados Unidos de América, y cuyos dineros habían sido confiados al acusado y recibidos por él en el curso de sus deberes como tal mensajero."

El acusado hizo la alegación de culpable y la corte dictó sentencia condenándolo a dos años de presidio.

No obstante su alegación de culpable, el acusado apeló. No existe pliego de excepciones ni relación de pruebas. La única cuestión que se levanta en un amplio alegato y que se

sostuvo en el informe oral, es la de que la acusación no aduce hechos suficientes constitutivos del delito de abuso de confianza por el cual se condenó al acusado.

También se habló sobre las circunstancias que influyeron en el ánimo del acusado para declararse culpable, pero como nada consta de los autos, nada puede investigar y resolver el tribunal dentro de este recurso de apelación.

Sostiene en su alegato el apelante que "de la acusación no aparece lo suficientemente claro que la confianza depositada en el acusado se le hiciera de una manera expresa y especial, sino que la acusación parte de una responsabilidad implícita por razón de su cargo de mensajero, y ello es un absurdo, porque se le imponen a un mensajero deberes y responsabilidades de un cajero o de un vendedor subalterno."

Entra luego a distinguir el delito de abuso de confianza del de hurto y concluye manifestando que según la acusación los distintos dineros recibidos por la corporación Aboy, Vidal & Co. no salieron nunca de la posesión de la misma corporación y que si dicha corporación entregó el dinero al acusado con la obligación de devolverlo nuevamente a la corporación, la relación sería únicamente una de deudor y acreedor, y que, por tanto, la acusación está plagada de conclusiones de derecho y redactada tan ambiguamente que no pueden entenderse claramente los hechos imputados en la misma.

En el caso de *El Pueblo* v. *Calderón,* 18 D.P.R. 584, esta corte dijo:

"Para que se entienda perpetrado el delito de abuso de confianza, se necesita comprobar la existencia de los siguientes elementos: 1. Una propiedad determinada, materia del delito; 2. Que tal propiedad se confió a otra persona en alguna de las formas especificadas en los artículos 446 al 450 del Código Penal; y 3. Que esa otra persona se apropió de ella fraudulentamente."

Examinada la acusación a la luz de esta jurisprudencia, la encontramos suficiente. Aceptamos el razonamiento del fiscal en su alegato de impugnación. Es como sigue:

"La acusación en el presente caso, en cuanto a sus hechos esenciales, establece que el acusado-apelante era un mensajero de la corporación Aboy, Vidal & Co., y que entre sus deberes estaba el de tener bajo su posesión los distintos dineros recibidos por dicha corporación, con obligación de recibirlos y entregarlos a la referida corporación, y que de manera ilegal, maliciosa y fraudulentamente se apropió, en su propio beneficio y en perjuicio de dicha corporación, de la suma de $650.00, cuyo dinero le había sido confiado y recibido por él en el curso de sus deberes como tal mensajero.

"Quizás haya cierta confusión en el párrafo de la acusación que dice: '. . . el de tener bajo su posesión los distintos dineros recibidos por dicha corporación, con obligación de recibir dichos dineros y entregarlos a la corporación . . .'; pero aún en el supuesto de que así fuera, la falta de claridad en dicho párrafo no lleva a tal confusión que pueda alegarse que la acusación no impute un delito porque no establece los hechos esenciales que se requieren en esta clase de delito, según dice el apelante.

"Aunque tenemos que convenir que la presente no es un modelo de acusación, no obstante, si el acusado creyó que la misma no expresaba con claridad los hechos, ha debido . . . . pedir un *bill of particulars* para que se hiciese más específica la acusación, pero no podemos convenir con el apelante en que dicha acusación no impute un delito porque le falten sus elementos esenciales.

" 'Si la acusación es razonablemente susceptible de poder ser interpretada en el sentido de que en ella se imputa un delito público, cualquiera vaguedad o imperfección en su exposición se considera que ha sido renunciada cuando el acusado no opone a ella excepción perentoria o deja de radicar una solicitud para que se especifiquen los hechos (bill of particulars) antes del día señalado para el juicio.' *El Pueblo* vs. *Ramírez*, 25 D.P.R. 263.

\*     \*     \*     \*     \*     \*     \*

"Parece que el apelante en el presente caso alega que entre los deberes de un mensajero no está el de recibir dinero, pero, a nuestro juicio, ésto no tiene importancia por el hecho de que a un mensajero se le puede confiar el encargo de recibir dinero para una corporación aunque dentro de las obligaciones de su cargo no esté comprendido este deber, y basta que el acusado esté utorizado para hacerlo y recibir determinada cantidad, y, si se la apropia en su beneficio particular, esto basta, repetimos, para que quede consumado el delito, que es lo que parece que ha ocurrido en el presente caso."

*Debe confirmarse la sentencia recurrida.*