No. 12,470.

CORNELIUS *v.* PEOPLE EX REL. TOWN OF HOLYOKE.

(3 P. [2d] 1072)

Decided October 5, 1931.

Mr. CLAUDE D. WALROD, Mr. SHERMAN E. WALROD, for plaintiff in error.

Mr. T. E. MUNSON, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

JAMES Cornelius, plaintiff in error, was charged in police magistrate's court with the violation of section 3 of ordinance No. 2, series 1925, of the town of Holyoke, the complaint specifically charging "that the said James Cornelius on or about the 11th day of September, A. D. 1926, at the Town of Holyoke, in the County of Phillips and State of Colorado, did put on display jars of honey on the street of Holyoke at a place other than the place designated by town ordinance, against the peace and dignity of the People of the State of Colorado." He was found guilty and fined $25 and costs. He appealed to the county court, and upon trial, the court instructed the jury as follows: "You are instructed under the evidence in this case that the only verdict which would be proper for you to find would be that the defendant had violated the ordinance No. 2, section 3, in this that he has displayed, advertised, and offered honey for sale. Under his own evidence, he admits a violation of the ordinance, and therefore it would be your duty to find the defendant guilty. It will, however, be necessary for you to determine the amount of the penalty, and the ordinance fixes the penalty at a sum of not less than one dollar nor more than three hundred dollars. You should assess the pen-

alty in this case at what you believe is just and proper under the evidence at a sum not less than one dollar nor more than three hundred dollars.'' The jury found defendant guilty, and assessed a penalty of $1, whereupon judgment was rendered on the verdict, a review of which is here sought.

The ordinance in question provides for the free use of a designated public market street ''for the sale of all goods, wares, merchandise and all other articles held, kept or used for the purpose of sale, except regular stores, business places and other places where the person making the sale is the owner of the property upon which the sale is made.''

Section 3 provides:

''No person, firm, partnership or corporation shall hereafter, within the Town of Holyoke, sell, display or offer for sale any goods, wares, merchandise or other articles at any other point within the Town of Holyoke, Colorado, than that hereinbefore designated by this ordinance as Market Street, but all such sales shall be held at market place or Market Street above designated, and all auction sales of every kind or character, shall be held at market place or Market Street, above designated, and all other sales of every kind or character, except sales in the ordinary course of business by owners of real estate, or renters thereof, in business places established in said Town and kept for permanent use and occupation for such purposes, and except sales made by persons on their own premises of their own goods.''

Section 6 provides:

''Any person, firm, partnership or corporation selling or offering for sale any goods, wares, merchandise or other article within the Town of Holyoke, Colorado, at any place other than market place or Market Street, above designated, except in regular business houses and business places established for that purpose and owners of property, above mentioned, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in

454

a sum not less than one dollar ($1.00) nor more than three hundred dollars ($300.00), and may be committed to jail until such fine and costs are paid."

The evidence discloses that on the day in question Cornelius drove his automobile to the market street located north of the court house, there unloaded honey and then parked his car on the main street in Holyoke. On the side of his car appeared this sign, "New Honey for Sale. Nature's pure sweets. North of Courthouse." Jars and a crate of honey in combs were on top of the car. No honey was sold or offered for sale by Cornelius at the car or at other than the market place. Upon the close of plaintiff's case, defendant moved for a nonsuit and directed verdict, which was denied. This ruling is one of the errors here assigned.

■ It is sufficient to charge the violation of a municipal ordinance generally. If, as here, a specific violation is alleged, it must be proven. In such case, defendant is not and should not be required to prepare a defense against other possible violations of the ordinance.

■ The display of honey by the defendant at a place other than the market street constituted a violation of the ordinance for which no penalty was provided. Assuming that it constitutes an offer for sale inhibited by the ordinance, defendant could not be found guilty of the offense because he was not charged therewith. Therefore, the court erred in directing said verdict of guilty and in not directing a verdict for defendant at the close of plaintiff's case.

In view of our determination, it is not necessary to consider other assignments of error.

Judgment reversed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.