No. 15,438.

COOPER *v.* CITY AND COUNTY OF DENVER.
(143 P. [2d] 1022)

Decided December 6, 1943.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. THOMAS E. BOYLES, Miss RUTH S. HUNT, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

IN this action, judgment was entered against defendant, plaintiff in error, for operating an automobile in

Denver without a driver's license, contrary to the provisions of a municipal ordinance. The situation out of which the case arises is fully set forth in our opinion in *Cooper v. City and County of Denver,* 111 Colo. 540, 143 P. (2d) 1019, which should be read in connection with the present one to obtain a proper understanding of the issues involved.

The pertinent points specified for reversal are: 1. That the judgment is contrary to the evidence. 2. That the court erred in admitting in evidence section 83 of the ordinances of the City and County of Denver over the objection of defendant. 3. That the court erred in admitting in evidence section 52-A of said ordinances over the objection of defendant. 4. That County Judge C. E. Kettering erred in ordering that the Reporter's transcript be amended by inserting section 83 of the ordinances therein.

Whether the judgment is contrary to the evidence, we need not, and do not determine, for reasons that will hereinafter appear in disposing of the other specifications of error.

There is no charge of a violation of section 52-A of the ordinances of the City and County of Denver, and by no construction of the complaint can it reasonably be contended that defendant was advised that he would be called upon to meet a charge of violating this section. It states that "Defendant did violate * * * section 65, relating to Right-of-Way between vehicles, *and no operator Lic.* of the City and County of Denver * * *." Under such a charge defendant would be entitled to assume that the city was not attempting to subject him to a penalty for the violation of any section of the ordinances of the city other than section 65. Not being advised by the complaint that he would be called upon to defend against a violation of section 52-A, it was error for the court to admit this section in evidence or to impose by judgment a fine against defendant for its violation.

In the case of *Cornelius v. People,* 89 Colo. 451, 3 P. (2d) 1072, defendant was charged with violating the provisions of section 3 of a municipal ordinance, and on the trial was convicted of violating section 6. In the opinion we said: "It is sufficient to charge the violation of a municipal ordinance generally. If, as here, a specific violation is alleged, it must be proven. In such case, defendant is not and should not be required to prepare a defense against other possible violations of the ordinance."

In the instant case, section 52-A admittedly is not a part of the Municipal Traffic Ordinance of which sections 65 and 83 are parts. If one, as was our holding in the Cornelius case, may not, where he is charged with violation of one section of an ordinance, be convicted of violating another, by so much the greater reason, he may not be charged with violating a specific section of one ordinance and convicted of violating an entirely different ordinance.

Our holding on this specification of error makes it unnecessary for us to determine, and we do not determine, whether the penalty prescribed in section 83 of the traffic ordinances is applicable to a violation of section 52-A, and for the same reason we need not, and do not, determine whether in this case error was committed by reason of the fact that a judge other than the one who presided at the trial of the cause, ordered that the Reporter's transcript be amended by inserting section 83 therein.

Judgment reversed.

MR. JUSTICE GOUDY not participating.