No. 15,439.

COOPER *v.* CITY AND COUNTY OF DENVER.

(143 P. [2d] 1019)

Decided December 6, 1943.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. THOMAS E. BOYLES, Miss RUTH S. HUNT, for defendant in error.

*En Banc.*

Mr. Chief Justice Young delivered the opinion of the court.

The parties to this action are herein designated as the City, and defendant. Defendant seeks reversal of two judgments imposing fines against him entered in the county court in a case therein tried on appeal from the municipal court for alleged violations of certain ordinances of the City and County of Denver. The complaint reads as follows:

"State of Colorado      )
                        ) ss.
City and County of Denver  )

"City and County of Denver )
                    Plaintiff)
        vs.                 )
    Clarence Cooper         )
                   Defendant)
            "In the Municipal Court.

"The above-named Defendant to the City and County of Denver, Dr.

"To $300.00 for a violation of the Municipal Code of the City and County of Denver, of Ordinance No. 16, Councilman's Bill No. 14, Series of 1932, as amended, Relative to Traffic Violations, in this, to wit:

"That said above-named defendant did violate sections of chapter and article of said ordinance, being Article VII, Section 65, relating to Right-of-Way between vehicles, and no operator Lic. of the City and County of Denver and State of Colorado, on or about, to wit, the 10 day of February, A.D. 1943, against the form of the ordinance in such case provided.

"C. Kirkpatrick.

"Subscribed and sworn to before me this 11 day of February, A.D. 1943.

                    H. L. Heckart
                    Traffic Clerk of Municipal Court."

The two charges contained in the complaint: taking the right of way, and driving without an operator's license, were combined for trial, and two judgments were entered imposing a fine of twenty-five dollars for taking the right of way, and a fine of one hundred fifty dollars for operating an automobile without a driver's license. Two writs of error were sued out by defendant in this court, the writ directed to the judgment imposing a fine for taking the right of way being here numbered 15,439 and that directed to the judgment in the case for operating an automobile without a driver's license being numbered 15,438. We have elected to consider the two causes together as was done on the trial, and to dispose of the matter on the application for supersedeas.

In this case, number 15,439, the pertinent specifications of points upon which defendant relies for reversal of the judgment are: 1. The judgment is contrary to the evidence. 2. The court erred in admitting section 83 of the ordinances of the City and County of Denver over the objection of defendant. 3. County Judge C. E. Kettering (who did not sit in the trial of the cause), erred in ordering that the Reporter's transcript be amended by inserting section 83 of the ordinances of the city therein.

Section 65, to which reference is made in the complaint, is as follows: "Vehicles Approaching an Intersection. Every driver of a vehicle approaching the intersection of a street shall yield the right of way at such intersection to the driver of any vehicle approaching from the right, and the driver of the vehicle on the left shall decrease the speed of the vehicle operated by him and have said vehicle under control before crossing such intersection, and it shall be his duty to yield the right-of-way to the vehicle on right; provided, however, that at intersections where traffic officers are stationed and/or traffic control signals are installed and operating, traffic shall move in conformity with the directions

given by said traffic officers and/or the signals given by said traffic control signals."

Section 83 of the ordinances, is as follows: "Penalties. Any person who shall violate any provision of this ordinance or any rule or regulation made and promulgated by the Manager of Safety and Excise pursuant thereto, shall be guilty of a violation of this ordinance and upon conviction thereof, excepting as otherwise herein provided, shall be punished by a fine of not to exceed three hundred dollars ($300.00) or by imprisonment for not more than ninety (90) days, or by both such fine and imprisonment in the discretion of the court."

█ We have carefully read and considered the record and are of the opinion that the testimony therein contained is sufficient to establish a violation of section 65. We, therefore, find no merit in the first point specified for reversal.

█ █ On the trial in the county court counsel for the city offered in evidence section 83. Counsel for defendant objected to its introduction on the ground that there is no allegation in the complaint of any violation of this section. The court overruled defendant's objection and ordered that section 83 be admitted, but it was neither read into the record nor was an identified copy offered and received as an exhibit. When the record on error was being prepared, an objection to the reporter's transcript was filed by the city, based on the fact that section 83, supra, was not incorporated therein. This objection was presented to the Honorable C. E. Kettering, county judge of the City and County of Denver, who did not sit in the original hearing, the trial of the cause being before the Honorable Christian D. Stoner. A hearing on the objection was had and Judge Kettering ordered that the transcript be amended by attaching thereto the following statement: "After hearing in open court on August 20, 1943, it has been determined by the Court, as a matter of fact, that at the trial

of this case no typewritten, printed or other actual copy of Section 83 was marked and received in evidence as an exhibit. Section 83 of the ordinance read as follows: [Here section 83 hereinbefore quoted is set out in full.]" It will be observed that this section simply provides the penalty for a violation of any of the provisions of the ordinance which would include section 65, here involved.

The record clearly discloses that at the time section 83 was offered, it was read, understood and considered by counsel for both parties and by the court, and that it was the clear intention of the city that it should be incorporated into the record; that the court ordered it to be made a part thereof, and that the exception of counsel for defendant was to the court's order admitting it as a part of the record. Under the circumstances we think had Judge Stoner been called in to pass upon the objection, it would have been error had he refused to incorporate the section into the record. While not determining as a general proposition whether it is or is not error for a judge who did not hear a case to order that the record on error be amended or supplemented, under the circumstances here present, defendant was not prejudiced by the procedure followed.

The charge in the complaint was a violation of section 65, and the prayer is for $300.00 penalty for such violation. Section 83 provides nothing but a penalty, and is not subject to being violated; it is merely ancillary to the principal charge. Since section 83 is a part of the same ordinance as section 65, the penalty flows as the natural result of violation of section 65, and it can be avoided only by a defense that invalidates section 65 or shows that it has not been violated. When the defendant was advised that he was charged with a violation of section 65, he was sufficiently informed to permit him to interpose any defense that he might have, and, therefore, he could not be prejudiced by reason of the failure to mention the penalty statute in the complaint.

We are of the opinion that none of the specifications

of points for reversal of the judgment has merit, and accordingly it is affirmed.

MR. JUSTICE GOUDY not participating.